■ ROSE M. SPERANZA et al., Respondents, v HARRY J. PA-YEA et al., Appellants. [639 NYS2d 534] —Mikoll, J. P.

Plaintiff Rose M. Speranza (hereinafter plaintiff) fell down a flight of stairs and broke her ankle. In her suit against defendants she attributes her injury to improper design of the staircase and adjacent second floor balcony as the basis of negligence. Specifically, plaintiff alleged the following design defects: the stair platform was not wide enough, the flooring was slick, the door leading onto the stairwell opened inward onto the balcony, the lighting was too dim in the stairwell and the handrail should have run to the top of the stairs. Defendants moved for summary judgment dismissing the action. Supreme Court denied the motion. This appeal ensued.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law sufficient to demonstrate the absence of any material issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562). Defendants, in support of their motion, submitted plaintiff's sworn deposition in which she attributed her fall to being hit in the back by the automatically closing door at the top of the staircase. Defendants also presented an expert who stated that the door, flooring and stairs all conformed to the building codes. Plaintiff's fall was alleged to be the consequence of her failure to restrain the door until she was clear of it.

Defendants having made a showing of no design defect, the burden then shifted to plaintiff to produce evidence in admissible form sufficient to establish the existence of material issues of fact requiring a trial (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). In response, plaintiff alleged that the threshold platform beyond the door was wet and that this caused her to slip. Plaintiff thus offered a contradictory reason for her fall. She appears to have abandoned her design defect contention. As to her alternative attribution of cause for her fall, she fails to establish a question of fact requiring resolution by the trier of fact. There was no proof presented of actual or constructive notice to defendants of a wet, slippery condition on the entryway to the stairwell sufficient to hold defendant liable for the failure to remedy it. The complaint by plaintiff's husband, registered two years before the accident, to the effect that wetness occurs "at times" in this area is patently insufficient (see,

*Cafiero v Inserra Supermarkets*, 195 AD2d 681, *affd* 82 NY2d 787).

Mercure, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.