■ JOSEPHINE DiSALVIA, Appellant, v PHILIP PILEVSKY et al., Respondents, and WALDBAUM, INC., Defendant and Third-Party Plaintiff-Respondent. KOLDAIRE REFRIGERATION CORP., Third-Party Defendant-Respondent. [698 NYS2d 870] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated September 29, 1998, which granted the defendants' motion for summary judgment dismissing the complaint, and granted the third-party defendant's cross motion to dismiss the complaint and the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and

filing separate briefs, the defendants' motion and the third-party defendant's cross motion are denied, and the complaint and the third-party complaint are reinstated.

While shopping at the defendant Waldbaum, Inc. (hereinafter Waldbaum), the plaintiff slipped on a two-foot puddle of water that had accumulated from a drip out of the bottom of a seafood display case filled with crushed ice. The court granted Waldbaum's motion and the cross motion of the third-party defendant Koldaire Refrigeration Corp. for summary judgment finding that the plaintiff could not prove either actual or constructive notice to the defendants of the water on the super-market floor. We disagree.

Neither Waldbaum nor Koldaire established its prima facie entitlement to judgment because they have failed in the first instance to properly address the issue of notice (see, e.g., *Padula v Big V Supermarkets,* 173 AD2d 1094; see also, *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). In any event, in her opposition to the motion and cross motion for summary judgment, the plaintiff demonstrated that there were triable issues of fact as to whether the defendants had actual and/or constructive notice of the leak to correct the condition before the plaintiff's fall (see, e.g., *DiFranco v Golub Corp.,* 241 AD2d 901; *Johnson v Hallam Enters.,* 208 AD2d 1110; *Ferlito v Great S. Bay Assocs.,* 140 AD2d 408; *LaRose v Amazon Assocs.,* 139 AD2d 568). Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.