■ CONCEPCION BONILLA et al., Appellants, v WESTERN BEEF INCORPORATED, Respondent. [708 NYS2d 431] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated March 5, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

While shopping at the defendant's store, a friend of the injured plaintiff Concepcion Bonilla (hereinafter the plaintiff), noticed that water was dripping from the freezer case in the produce aisle and pooling in the middle of the aisle. About five or 10 minutes after she made this observation, the friend found the plaintiff lying in the same puddle of water. When the plaintiff fell, she noticed that the puddle was colorless and about the size of a shopping cart. After the plaintiff's fall, an assistant manager of the store directed other store workers to mop up the puddle, and place a mop head under the freezer case to absorb the water which continued to drip.

Under these circumstances, the Supreme Court erred in granting the defendant's motion for summary judgment (*see, DiSalvia v Pilevsky,* 266 AD2d 425; *Padula v Big V Supermarkets,* 173 AD2d 1094). After the defendants made out a prima facie case for summary judgment, the plaintiffs demonstrated that there was a triable issue of fact as to whether the puddle caused by the drip from the freezer case had existed for a sufficient length of time before the accident to permit the defendant to discover and remedy the condition (*see, Birthwright v Mid-City Sec.,* 268 AD2d 401; *DiSalvia v Pilevsky, supra*; *Salaam v City of New York,* 226 AD2d 173; *Padula v Big V Supermarkets, supra*; *Restey v Victory Mkts.,* 127 AD2d 987; *Newman v Great Atl. & Pac. Tea Co.,* 100 AD2d 538). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.