■ DONALD ·SMITH et al., Appellants, v KEVIN ZINK et al., Respondents. [711 NYS2d 594] —Mugglin, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 3, 1999 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Donald Smith (hereinafter plaintiff) and his two brothers were helping defendant Kevin Zink and his wife (plaintiff's brother-in-law and sister) move their furniture and other belongings. To aid in this process, one of plaintiff's brothers asked defendant Harold Williams, Jr. if he could borrow his pick-up truck. Williams consented and plaintiff drove the vehicle from Williams' residence to Zink's residence. To facilitate loading the vehicle, Zink placed two wooden planks, approximately two inches thick by 12 inches wide by 10 to 12 feet in length from the tailgate of the truck to the blacktop driveway, at an angle approximating 45 degrees. The planks were unsecured at either end. Plaintiff testified that he was in the house and did not see the placement of the planks but that he used the planks on four or five occasions to carry furniture into the truck. On the last occasion, upon exiting the truck, when he stepped on the right plank it slid out from under him and he fell to the driveway, fracturing his right leg and right shoulder.

Plaintiff, and his wife derivatively, then commenced this negligence action. Defendants' motion for summary judgment dismissing the complaint was granted by Supreme Court on the basis that defendants had no duty to warn or protect plaintiff from a dangerous condition that was readily observable. Plaintiffs appeal.

We reverse. Concededly, "[a] landowner generally has no duty to correct or warn of a condition that is readily observable (i.e., open and obvious) to a person of ordinary intelligence employing the reasonable use of his or her intelligence" (*Patrie v Gorton*, 267 AD2d 582, *lv denied* 94 NY2d 761). However, the rule generally applied in landowner cases does not completely absolve Zink of liability in this case since he was under a duty not to create a dangerous condition that was likely to pose a foreseeable risk of injury to others (*see, Vliet v Crowley Foods*, 263 AD2d 941). Ordinary negligence principles should be applied (*see, Havas v Victory Paper Stock Co.*, 49 NY2d 381).

Viewed in this light, it is manifest from this record that issues of fact exist and that reasonable people might differ as to the resolution of these, not only with respect to whether Zink deviated from the standards of care that a reasonably prudent person would use in constructing the ramp, but also as to whether it was reasonably foreseeable that someone could be injured as a result of the way he constructed the ramp, and as to whether Zink's negligence, if any, was a proximate cause of plaintiff's injuries.

We next address the issue of whether Zink is relieved of all liability because the defects in the ramp were open and readily observable by plaintiff. Said differently, did plaintiff assume the risk of injury by using the ramp after he observed the unsecured condition of the planks. The enactment of the comparative negligence statute (*see,* CPLR 1411) eliminated the legal doctrine of assumption of risk as an absolute defense to negligence actions (*see, Morgan v State of New York,* 90 NY2d 471, 483). Now, assumption of the risk measures a defendant's duty of care (*see, Turcotte v Fell,* 68 NY2d 432, 439). Viewed in this light, we cannot find, under the facts of this case, that, as a matter of law, the use of the ramp was so obviously dangerous as to eliminate any duty of care owed by Zink (*compare, Weaver v Trackey,* 272 AD2d 705); therefore, this case should be decided using the principles of comparative negligence. Since reasonable people could differ concerning the resolution of issues of fact surrounding plaintiff's observation of and use of the ramp, summary judgment is inappropriate.

Having found issues of fact requiring a trial as to Zink, we conclude that issues of fact also preclude the granting of summary judgment to Williams. If Zink is found negligent, since he was using Williams' truck with Williams' permission, Vehicle and Traffic Law § 388 (1) imposes liability if injury occurs from negligence in the use or operation of the vehicle. It is now settled law that loading and unloading of a truck constitutes use and operation (*see, Argentina v Emery World Wide Delivery Corp.,* 93 NY2d 554).

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.