■ CHARLES WALTERS et al., Appellants, v COUNTY OF RENSSELAER, Respondent, et al., Defendant. [724 NYS2d 97] —Rose, J. Appeal from an order of the Supreme Court (Canfield, J.), entered April 3, 2000 in Rensselaer County, which, *inter alia*, granted a motion by defendant County of Rensselaer for summary judgment dismissing the complaint against it.

Plaintiff Charles Walters (hereinafter plaintiff) went fishing with his son-in-law at the Tomhannock Reservoir in Rensselaer County. Arriving at the reservoir, they parked their vehicle along County Route 115 north of where the highway traverses a bridge. After gathering his fishing tackle, plaintiff crossed the bridge, walked south approximately 20 feet further, and then left the highway right-of-way to go down to the water where he began to fish. Remaining on the other side of the bridge, his son-in-law also began fishing in the reservoir. Approximately 10 to 15 minutes later, plaintiff left his fishing spot to help his son-in-law catch a large turtle. Plaintiff went back to the highway, stepped over the guardrail and walked along the shoulder toward the bridge. Before he got there, however, he stepped into a hole and fell, injuring himself.

Plaintiff and his wife, derivatively, then commenced this negligence action alleging, *inter alia*, that defendant County of Rensselaer (hereinafter defendant) failed to maintain the area where the accident occurred in a reasonably safe condition and failed to warn of potential hazards. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion finding that defendant was immune from liability under General Obligations Law § 9-103, and that the defect in the shoulder was open and obvious. Plaintiffs now appeal.

We must agree with plaintiffs' argument that Supreme Court erred in concluding that General Obligations Law § 9-103 insulated defendant from liability. Although that statute "grants immunity for ordinary negligence to landowners who permit members of the public to come on their property to

engage in several enumerated recreational activities" (*Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 546-547) and plaintiff had been engaging in an activity specified in the statute, it is nonetheless inapplicable here because plaintiff's fall occurred within the right-of-way of a public highway maintained by defendant.

"[T]he sole purpose of General Obligations Law § 9-103 is evident—to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come onto their property to pursue specified activities" (*Ferres v City of New Rochelle*, 68 NY2d 446, 451; *see, Sena v Town of Greenfield*, 91 NY2d 611, 615-616). As a result, the statute finds no application where the municipality "already operates and maintains a supervised facility * * * for use by the public" (*Ferres v City of New Rochelle, supra*, at 453). By analogous reasoning, the statute is inapplicable where the property in question is a highway maintained by a municipality since such property is already open to public use. Notably, the statute has been held to be inapplicable to a boat ramp at the terminus of a public street "because [the] statute provided no inducement to the defendant to open to the public what it already considered part of a public park *and a public highway*" (*Bennett v Town of Brookhaven*, 233 AD2d 356 [emphasis supplied]).

Here, the place where plaintiff sustained injury was a public highway established and maintained by defendant. As a result, defendant had a statutory duty of care in addition to that imposed by the common law on landowners in general (*see, e.g.*, Highway Law § 139). Because the highway was already open for the public's use, application of the statutory immunity "would be superfluous and could serve no purpose" (*Ferres v City of New Rochelle, supra*, at 452).

Finally, while recognizing the long-standing principle that a landowner has no duty to correct or warn of a readily observable condition (*see, Patrie v Gorton*, 267 AD2d 582, *lv denied* 94 NY2d 761), we also note that whether a condition is open and obvious generally is a question of fact for a jury (*see, De Conno v Golub Corp.*, 255 AD2d 734, 735; *see also, Liriano v Hobart Corp.*, 92 NY2d 232, 242; *cf., Tarricone v State of New York*, 175 AD2d 308, *lv denied* 78 NY2d 862). Here, the photographs of the accident scene depict the condition of the shoulder from many more perspectives than that available to plaintiff as he walked toward the bridge and, in his deposition testimony, plaintiff does not concede that he was not looking where he was walking. Given the appearance of the shoulder as depicted in the photographs taken from plaintiff's position

as he approached the bridge, we cannot agree, as a matter of law, that the condition of the shoulder was so obviously dangerous as to eliminate any duty of care owed by defendant (see, *Smith v Zink*, 274 AD2d 885, 886). Rather, the issue is one of fact for the jury.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion by defendant County of Rensselaer for summary judgment; said motion denied; and, as so modified, affirmed.