■ ROBIN CHAMBERS, Appellant, v MAURY POVICH SHOW et al., Respondents. [726 NYS2d 725] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Belen, J.), dated September 15, 2000, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff was seated in the audience of the Maury Povich Show when her chair slipped off a platform, causing her to fall into the aisle. She commenced this action against the Maury Povich Show and its producer, Studios USA Talk Television, L. L. C. (hereinafter collectively the defendants).

The defendants moved for summary judgment more than 90 days after the note of issue was filed, in violation of the Supreme Court's requirement that such motions be made within 60 days of filing of the note of issue (*see,* CPLR 3212 [a]). The Supreme Court has wide latitude in determining whether to consider an untimely summary judgment motion (*see, Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320). In view of the short delay and the absence of prejudice to the plaintiff, the Supreme Court providently exercised its discretion in entertaining the defendants' motion (*see, Maravalli v Home Depot U.S.A.,* 266 AD2d 437; *Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778).

However, the Supreme Court erred in granting the motion for summary judgment dismissing the complaint. The defendants failed to establish as a matter of law that they did not create an unsafe condition by positioning the plaintiff's chair too close to the edge of the platform. Under the circumstances of this case, the defendants' contention that the allegedly unsafe condition was open and obvious presents an issue of fact concerning the plaintiff's comparative fault and does not relieve them of liability (*see, Smith v Zink,* 274 AD2d 885; *Tuttle v Anne LeConey, Inc.,* 258 AD2d 334). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.