(April 1, 2002)

■ HECTOR O. ACEVEDO et al., Appellants, v HELENE CAMAC, Respondent. [740 NYS2d 380] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated December 21, 2000, as granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action based upon Labor Law § 200 and common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the causes of action based on Labor Law § 200 and common-law negligence are denied, and those causes of action are reinstated.

The Supreme Court erred in granting those branches of the motion which were for summary judgment dismissing the plaintiff's causes of action based on Labor Law § 200 and common-law negligence. The defendant failed to establish as a matter of law that the injured plaintiff's act of placing the ladder in a puddle of water was the sole proximate cause of the accident, or that a hazardous condition was not created by the defendant's negligence in failing to fix the leaky gutter that allegedly caused water to accumulate on the driveway.

In any event, in opposition to the motion, the plaintiffs demonstrated that there are questions of fact as to whether it was foreseeable that the injured plaintiff would place the ladder in

the puddle of water and whether the defendant's negligence, if any, was a proximate cause of the accident (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Smith v Zink,* 274 AD2d 885; *Bonilla v Western Beef,* 272 AD2d 487; *Cruz v New York City Tr. Auth.,* 136 AD2d 196). Moreover, the fact that the puddle of water was open and obvious did not negate the defendant's duty to maintain her premises in a reasonably safe condition; rather, it goes to the issue of the injured plaintiff's comparative negligence (*see Chambers v Maury Povich Show,* 285 AD2d 440; *Morgan v Genrich,* 239 AD2d 919; *Kaplan v 48th Ave. Corp.,* 267 App Div 272). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.