■ MELVIN H. SMITH et al., Respondents, v FLOYD SMITH, Appellant. [751 NYS2d 635] —Carpinello, J. Appeal from an order

of the Supreme Court (Keegan, J.), entered November 29, 2001 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On October 4, 1997, defendant, a contractor, was installing siding on a residential job site when his brother, plaintiff Melvin H. Smith (hereinafter plaintiff), dropped by to visit, as was commonplace for these parties. On this particular occasion, the two were attempting to talk while defendant was working at the top of a scaffold estimated to be between 22 and 28 feet off the ground. With conversation impossible, defendant motioned for plaintiff "to come up." Plaintiff climbed a ladder adjacent to the scaffold and stepped onto the scaffold, which collapsed under the weight of both men seriously injuring them. Thereafter, plaintiff and his wife, derivatively, commenced this action alleging that defendant negligently constructed and erected the subject scaffold. Following an unsuccessful motion for summary judgment, defendant appeals.

Defendant's motion for summary judgment was predicated on three grounds, namely, that he had no duty to warn of any defects in the scaffold because same should have been open and obvious to plaintiff, who himself had years of roofing experience and was fully familiar with this type of scaffold, that he had no actual or constructive knowledge of any unsafe condition that day and that plaintiff's "voluntary" decision to step onto the scaffold was a superceding, intervening cause which broke the chain of causation. Finding that questions of fact exist as to each of these issues, we affirm the denial of summary judgment.

Defendant claims that the danger of joining him on the "one-person" scaffold should have been readily apparent and thus defendant had no duty to warn plaintiff of such an obvious danger. There is insufficient evidence, however, that the subject scaffold was a "one-person" scaffold such that plaintiff's conduct in stepping on it was so obviously dangerous (*see Smith v Zink*, 274 AD2d 885). Indeed, according to defendant, only one person usually worked on the scaffold at this job site, not because the presence of two people was per se dangerous, but because it was not necessary for the work being performed. Defendant admitted during his examination before trial that had he witnessed plaintiff step onto the scaffold, it is unlikely that he would have directed him off because, in his opinion, the scaffold was strong enough to hold them both. This latter admission severely undermines defendant's contention that any potential for danger in stepping onto the "one-person" scaffold should have been apparent to plaintiff. Rather, the circum-

stances create a genuine issue of fact to be submitted to a jury (*see e.g. Chambers v Maury Povich Show*, 285 AD2d 440; *Walters v County of Rensselaer*, 282 AD2d 944, 945-946; *Johnson v Village of Saranac Lake*, 279 AD2d 784, 785).

To support his claim that he had no actual or constructive notice of any alleged defect in the scaffold, defendant points out that the scaffold, which he had personally constructed seven years earlier, had been used since then without incident. He hones this point by noting that the scaffold had been used for three days at the subject job site also without incident. While true, defendant conceded at his examination before trial that he did not secure the scaffold with cross braces between the support posts when he erected it at the subject job site as was his customary practice when, as here, the support poles were more than 10 to 12 feet apart.[1] Defendant further testified that he was unable to secure the scaffold to the roof of the house (instead securing it to the eaves), as was also his usual practice.[2] Armed with the knowledge that the scaffold was neither fitted with cross brackets nor secured to the roof of the house, defendant nevertheless motioned plaintiff to come up to his level so that the two could talk. Under these circumstances, a jury might reasonably conclude that defendant knew, or should have known, that this presented a dangerous condition that was likely to pose a foreseeable risk to plaintiff (*see Smith v Zink, supra*).

As to causation, defendant argues that he never directed plaintiff to come up on the scaffold itself, never intended for him to do so and was not even aware of his intention to step onto the scaffold prior to the scaffold's collapse. Therefore, his argument continues, the sole proximate cause of plaintiff's injury was plaintiff's own culpable conduct. By affirmatively motioning for plaintiff to come up, however, it was not beyond the realm of possibility that plaintiff would in fact join defendant on the scaffold itself, as opposed to lingering on the ladder to talk. Said differently, while defendant did not specifically importune plaintiff to join him on the scaffold itself or even intend for him to do so, he did motion plaintiff up. Given these facts, a jury might reasonably conclude that plaintiff's conduct in going beyond defendant's unstated expectations by stepping onto the scaffold was foreseeable. Thus, questions of fact on the issue of causation remain.

---

1. On the day of the accident, the support poles were 22 feet apart.

2. According to defendant, attaching a scaffold to the roof itself makes it sturdier. He was unable to do so on this particular project because the roof was too high.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.