■ ROSE JOHNSON, Respondent, v VILLAGE OF SARANAC LAKE, Appellant, et al., Defendants. [718 NYS2d 713] —Mugglin, J. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered November 22, 1999 in Franklin County, upon a verdict rendered in favor of plaintiff against defendant Village of Saranac Lake.

On the evening of July 4, 1995, intending to watch a fireworks display from Veterans Park, property owned by defendant Village of Saranac Lake (hereinafter defendant), plaintiff, her husband and two friends placed their lawn chairs in front of a star-shaped flower bed that had a 12-inch deep ditch, referred to as an "English edge," around its perimeter. Because warm cinders from the fireworks fell on plaintiff and the others during the fireworks display, they decided to relocate. During the movement of plaintiff's chair, plaintiff tripped into the ditch, fell onto the flower bed and was injured.

At trial, defendant moved to dismiss plaintiff's complaint contending, *inter alia*, that the flower bed, and in particular the ditch, was an open and obvious condition, readily observable by the reasonable use of one's senses, precluding any liability. Supreme Court reserved decision on the motion and submitted the case to the jury. In rendering the verdict, the jury determined by a 5 to 1 vote that Veterans Park was not in a reasonably safe condition due to defendant's negligence, but the negligence was not a substantial factor in causing plaintiff's injury. Despite directions to the contrary on the verdict sheet, the jury proceeded to apportion the culpable conduct of plaintiff (40%) and defendant (60%) and to assess damages ($275,000).

Concluding that the verdict was thus inconsistent, Supreme Court directed the jury to reconsider the verdict and reinstructed the jury with respect to proximate cause. The jury amended the special verdict form to respond unanimously that the negligence of defendant was a substantial factor in causing plaintiff's injury. Defendant thereafter renewed its motion to dismiss the complaint and moved to set aside the verdict as against the weight of the evidence or, in the alternative, for a retrial on the basis that the inconsistent jury verdict demonstrated jury confusion. Defendant appeals from Supreme Court's denial of its motions and the judgment rendered against it.

We affirm. In urging reversal, defendant first contends that the record contains no evidence by expert opinion or other

proof that the flower garden, with its English edge, constituted a dangerous or defective condition and, thus, plaintiff failed to establish a prima facie case. Second, defendant contends that it had no duty to protect or warn plaintiff with respect to the flower bed, or English edge which surrounded it, since it was an open and obvious condition readily observable by the reasonable use of one's senses.

Initially, we observe that if any rational view of the evidence could support a finding in favor of a plaintiff, a defendant's motion to dismiss a complaint upon the completion of plaintiff's case must be denied (*see, English v City of Albany*, 235 AD2d 977, 978). Further, in considering such a motion, the trial court is required to examine the evidence in the light most favorable to the plaintiff (*see, Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071). Contrary to defendant's position, whether the ditch constituted a dangerous condition is an issue of fact to be resolved by the jury (*see, Denmark v Wal-Mart Stores*, 266 AD2d 776, 777; *Maloid v New York State Elec. & Gas Corp.*, 257 AD2d 712, 713). Given the circumstances surrounding the occurrence of this accident, the jury could rationally conclude that the 12-inch elevation differential constituted a dangerous condition without the necessity of the presentation of expert testimony, this question of fact being within the ken of the ordinary juror. Defendant correctly contends that if a condition is open and obvious and readily observable by the reasonable use of one's senses, a finding of liability based upon the failure to post warnings or to take other precautions is precluded (*see, Steele v Town of Hempstead*, 266 AD2d 451, 452). However, this normally presents a fact question to be resolved by the trier of fact given the existent circumstances (*see, Thornhill v Toys "R" Us NYTEX, supra*, at 1073). Here, the circumstances created a genuine issue of fact with respect to the observability of the dangerous condition which was properly submitted to the jury, especially in light of the fact that plaintiff had never before observed the flower bed edge.

Additionally, in this regard, defendant contends that Supreme Court improperly charged the jury by failing to use the precise words "open and obvious" in its charge. We find this argument unpersuasive. Supreme Court specifically instructed the jury that if it determined "that the unsafe condition of the flower bed was readily observable by plaintiff employing reasonable use of her senses, [it] will find that [defendant] was not negligent." Thus, Supreme Court adequately charged the jury with respect to the applicable legal principles necessary to render its verdict.

In support of its position that Supreme Court improperly denied its motion for a new trial, defendant argues that (1) Supreme Court's reinstruction to the jury only with respect to the charge on "substantial cause" was prejudicial, (2) Supreme Court's pronouncement of the damages awarded by the jury prior to reinstructing the jury with respect to the inconsistent verdict was prejudicial, and (3) the jury's verdict was further inconsistent because, although only five of six jurors found defendant negligent, the finding that defendant's negligence was a substantial factor in causing plaintiff's injury was unanimous. Initially, we observe that the record does not support defendant's present contention that Supreme Court announced the award of damages to plaintiff before instructing the jury to continue its deliberations with respect to the inconsistent verdict. Next, we reject defendant's contention that the special verdict form completed by the jury demonstrates sufficient confusion on the part of the jury so as to preclude it from rendering a proper determination upon adequate consideration of all of the evidence (see, McElroy v Yousuf, 268 AD2d 733, 735). The jury's first answer to the "substantial factor" question when read with the instructions to the jury in the event this question was answered in the negative, its assessment of culpable conduct of the respective parties and assessment of damages support the conclusion that the jury inadvertently misanswered the "substantial factor" question and, appropriately, was given the opportunity to clarify the inconsistency.

Likewise, we are not convinced that the jury verdict is rendered inconsistent simply because the response to that question following the continuation of the jury deliberations was unanimous while the negligence finding was not. The sixth juror could have logically concluded after her peers found defendant to be negligent, that this negligence was a substantial factor in causing plaintiff's injury. Thus, the jury's responses are clearly explainable and do not demonstrate the level of substantial confusion necessary to grant a new trial (see, id., at 735).

Finally, we find no merit to defendant's contention that the reinstructions given to the jury prior to the continuation of its deliberations in any way prejudiced defendant. Our examination of the reinstruction convinces us that Supreme Court adequately balanced the reinstruction to avoid any implication that the jury's answer to question 2B was simply incorrect since Supreme Court made clear to the jury that it had to reconsider its answer to either question 2B (proximate cause) or question 6 (percentage of fault).

Mercure, J. P., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.