■ ERNEST A. LAMARRE et al., Appellants, v RENSSELAER COUNTY PLAZA ASSOCIATES et al., Respondents. [758 NYS2d 182] —Spain, J. Appeal from an order of the Supreme Court (Canfield, J.), entered February 22, 2002 in Rensselaer County, which granted defendants' motions for summary judgment dismissing the amended complaint.

On the morning of December 14, 1998, plaintiff Ernest A. Lamarre (hereinafter plaintiff) exited his vehicle in the parking lot of the Rensselaer County Plaza in the Town of East Greenbush, Rensselaer County, and walked toward the entrance of a bank located in the Plaza. According to plaintiff's deposition testimony, as he stepped up from the parking lot onto the curb adjoining the sidewalk, he lost his balance, started to fall backwards, attempted to correct himself, and took a few steps and fell forward across the sidewalk, impacting the glass door to the bank and sustaining injuries to his left shoulder. Plaintiff and his wife, derivatively, commenced this negligence action against defendant Rensselaer County Plaza Associates, the owner, defendant Nigro Companies, the property manager, and others alleging that the curb was dangerously defective in that it was "worn, uneven and with pieces missing" with a "beveled edge." Supreme Court granted defendants' motions for summary judgment dismissing the complaint and, on plaintiffs' appeal, we affirm.

Reviewing the record in the light most favorable to plaintiffs, we find that summary judgment was properly granted to defendants (see Hopson v Turf House, 252 AD2d 796, 797 [1998]). While it is generally a question of fact whether a dangerous or defective condition exists, an examination of the facts of this case—including the appearance and extent of the defect, as well as the time, place and circumstance of plaintiff's injury—supports Supreme Court's conclusion as a matter of law that the defect was too trivial to be actionable (see Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]; Vachon v State of New York, 286 AD2d 528, 530 [2001]; Maloid v New York State Elec. & Gas Corp., 257 AD2d 712, 713 [1999]). Indeed, " 'it has been recognized that "[t]he owner of a public passageway may not be cast in damages for negligent mainte-

nance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection" ' " (*Maloid v New York State Elec. & Gas Corp.*, *supra* at 713, quoting *Guerrieri v Summa*, 193 AD2d 647, 647 [1993], quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006, 1006 [1960]). Accordingly, Supreme Court correctly granted summary judgment to defendants dismissing plaintiffs' complaint.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.