█ EDWARD BILINSKI, Appellant, v BANK OF RICHMONDVILLE, Respondent. [784 NYS2d 708]—

Mercure, J. Appeal from an order of the Supreme Court (Lamont, J.), entered December 24, 2003 in Schoharie County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1998, the then 77-year-old plaintiff, a regular customer of defendant, suffered personal injuries after he stepped off the sidewalk as he was moving out of the way of another customer, tripped and fell on an asphalt curb marking the intersection of a shrubbery bed and defendant's parking lot. Plaintiff commenced this action, claiming that through its negligence, defendant created a dangerous and defective condition, thereby causing plaintiff's accident. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. Plaintiff appeals, arguing that questions of fact exist regarding, among other things, whether the curb created an inherently dangerous condition. We disagree.

Landowners have both a duty to maintain their property in a reasonably safe condition and a duty to warn of latent hazards of which they are aware (*see Tagle v Jakob*, 97 NY2d 165, 168-170 [2001]; *Soich v Farone*, 307 AD2d 658, 659 [2003]). Although, as plaintiff argues, the open and obvious nature of a dangerous condition will not preclude a finding of liability against a landowner who causes foreseeable risks of harm through a failure to maintain the property in a reasonably safe condition (*see MacDonald v City of Schenectady*, 308 AD2d 125, 126-128 [2003]; *Soich v Farone, supra* at 660; *see generally Di Ponzio v Riordan*, 89 NY2d 578, 583-584 [1997]), summary judgment is appropriate where a plaintiff fails to demonstrate the

existence of *any* dangerous condition (*see Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]; *Lamarre v Rensselaer County Plaza Assoc.*, 303 AD2d 914, 914-915 [2003]). Here, in support of its motion for summary judgment, defendant presented photographs, as well as testimony and an affidavit from its executive vice-president, establishing prima facie that the curb did not constitute a dangerous condition. We agree with Supreme Court that the conclusory affidavit of plaintiff's expert, submitted in response, was insufficient to create a question of fact regarding whether the curb created any foreseeable hazard triggering a duty to remedy or to warn (*see Mansueto v Worster*, 1 AD3d 412, 413 [2003]; *Lamarre v Rensselaer County Plaza Assoc.*, *supra* at 914-915; *O'Connor v ISS Intl. Serv. Sys.*, 228 AD2d 898, 899 [1996]; *see also Phillips v Northway Mall Assoc.*, 243 AD2d 786, 787 [1997]). Plaintiff's remaining arguments are rendered academic by our decision or are meritless.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.