■ MATTHEW J. ANTON et al., Appellants, v CORRECTIONAL MEDICAL SERVICES, INC., Respondent. [904 NYS2d 535]—

Egan Jr., J. Appeal from an order of the Supreme Court (Connolly, J.), entered October 16, 2009 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this negligence action alleging that plaintiff Matthew J. Anton sustained injuries in June 2004 during the course of his employment as a correction officer with the Albany County Sheriff's Department (hereinafter Department). Anton was assigned to the medical unit of the Albany County Jail, which was operated, controlled and maintained by defendant. The medical unit is comprised of a number of windowed holding cells located along the left sides of two corridors arranged in an "L" shape. Anton claims that he sustained injuries to his knee when, while conducting an inmate head count and looking to his left into the holding cells, he reached the end of the first corridor, turned the corner to enter the second, and walked into a metal bed frame positioned along one of the walls of the second corridor.* Defendant moved for sum-

---

* Anton also claims to be permanently disabled after he fell down a flight of stairs in March 2006 due to the injuries he sustained in June 2004.

mary judgment, contending that it had no duty to warn of the open and obvious condition of the bed frame, which was not inherently dangerous. Supreme Court granted defendant's motion, finding that plaintiffs failed to raise a question of fact as to whether the existence of the bed frame in the corridor constituted an inherently dangerous condition. Plaintiffs now appeal, and we affirm.

Defendant, as the party in control of the medical unit, had a duty to exercise reasonable care to maintain the premises in a reasonably safe condition "in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]; *see Arsenault v Regan Trust*, 263 AD2d 754, 754 [1999]; *Turrisi v Ponderosa, Inc.*, 179 AD2d 956, 957 [1992]). While an open and obvious defect will negate the duty to warn of a potentially dangerous condition, it will not necessarily obviate a defendant's duty to maintain the property in a reasonably safe condition (*see Tagle v Jakob*, 97 NY2d 165, 168-170 [2001]; *England v Vacri Constr. Corp.*, 24 AD3d 1122, 1124 [2005]; *Bilinski v Bank of Richmondville*, 12 AD3d 911, 911 [2004]; *MacDonald v City of Schenectady*, 308 AD2d 125, 126-128 [2003]; *Soich v Farone*, 307 AD2d 658, 659 [2003]). To be entitled to summary judgment, defendant must establish "as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Godfrey v Town of Hurley*, 68 AD3d 1527, 1527 [2009] [internal quotation marks and citations omitted]).

Here, defendant established its prima facie entitlement to summary judgment through evidence that the bed frame was in plain view, that, based on the corridor's width, there was adequate room to navigate around the bed frame, and that its placement did not violate any safety regulations (*see Avina v Verburg*, 47 AD3d 1188, 1189-1190 [2008]; *Bilinski v Bank of Richmondville*, 12 AD3d at 911-912). In opposition, plaintiffs failed to raise a triable issue of fact. Based on the positioning of the bed frame against the wall and upon defendant's prior knowledge that stretchers were sometimes stored in the corridors of the medical unit, the bed frame was open and obvious to anyone "employing the reasonable use of their senses" (*Tarricone v State of New York*, 175 AD2d 308, 309 [1991], *lv denied* 78 NY2d 862 [1991]), and was not inherently dangerous as a matter of law. While it is true that Anton would need to momentarily look into each cell as he walked the corridor conducting the head

count, there is nothing in the record to suggest that he would have been prevented from also looking where he was going and seeing what was there to be seen—in this case a bed frame. The conclusory opinion of plaintiffs' expert, which is not based on any cited width of the corridor, is insufficient to create a question of fact to preclude summary judgment in defendant's favor (*see Bilinski v Bank of Richmondville*, 12 AD3d at 912; *Jackson v Gas Co.*, 2 AD3d 1104, 1106 [2003]).

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.