■ PATRICIA A. JONES et al., Respondents, v SHAMROCK OF ITHACA, INC., Doing Business as ITHACA ALE HOUSE GRILL AND TAPROOM, Appellant. [910 NYS2d 589]—

Stein, J. Appeal from an order of the Supreme Court (Sherman, J.), entered January 28, 2010 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Patricia A. Jones (hereinafter plaintiff) went to dinner at a restaurant operated by defendant. She was seated on a platform, used as a stage when bands performed and as dining space at other times, that was approximately six inches higher than the rest of the floor. Plaintiff stepped onto the platform and sat near its edge without incident, but she forgot the edge was there as she was preparing to leave, and stepped backward off of it and fell. Her injuries prompted this negligence action and, following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant now appeals.

Defendant owed a duty not only to maintain the restaurant in a reasonably safe condition, but also to warn of a dangerous condition of which it was or should have been aware (*see Bilinski v Bank of Richmondville*, 12 AD3d 911, 911 [2004];

*Soich v Farone,* 307 AD2d 658, 659 [2003]). Plaintiff's awareness does not obviate defendant's duty to maintain the premises in a reasonably safe condition or "to warn against known or obvious dangers . . . where the [defendant] has reason to expect or anticipate that a person's 'attention may be distracted, so that he [or she] will not discover what is obvious, or will forget what he [or she] has discovered, or fail to protect himself [or herself] against it' " (*Spannagel v State of New York,* 298 AD2d 687, 689 [2002], quoting Restatement [Second] of Torts § 343A [1], Comment *f*). Thus, as relevant here, summary judgment is only appropriate where it is shown as a matter of law that the drop-off did not constitute a dangerous condition (*see Anton v Correctional Med. Servs., Inc.,* 74 AD3d 1682, 1683 [2010]; *Bilinski v Bank of Richmondville,* 12 AD3d at 911-912).

In that regard, the table at which plaintiff sat was placed six inches from the platform's edge, and defendant's owner admitted that patrons were rarely seated as close to the edge of the platform as plaintiff. Indeed, the owner had sought to place warning tape along the edge of the platform, but was unable to make the tape adhere. He further testified that employees would warn people to "watch your step" in the area of the platform. Moreover, plaintiffs submitted the affidavit of an engineer who stated that applicable safety regulations required a handrail or warning tape to be placed along the edge of the platform, and further opined that the construction of the platform deviated from accepted engineering standards. As questions of fact exist as to whether the drop-off constituted a dangerous condition, Supreme Court properly denied defendant's motion for summary judgment (*see Page v State of New York,* 72 AD3d 1456, 1458 [2010]; *Monge v Home Depot,* 307 AD2d 501, 502 [2003]; *compare Broodie v Gibco Enters., Ltd.,* 67 AD3d 418, 418 [2009]).

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.