*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 17, 2014                    517802
_____

BARBARA JANKITE, Individually
    and as Parent and Guardian
    of HANNAH JANKITE, an
    Infant,
                      Respondent,

          v                                    MEMORANDUM AND ORDER

SCORESBY HOSE COMPANY,
                      Appellant.

(And a Third Party Action.)
_____

Calendar Date:   June 3, 2014

Before:   Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

                    _____

        Siler & Ingber, LLP, Mineola (Jeffrey B. Siler of counsel),
for appellant.

        Basch & Keegan, LLP, Kingston (John A. DeGasperis of
counsel), for respondent.

                    _____

Peters, P.J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered September 19, 2013 in Ulster County, which denied
defendant's motion for summary judgment dismissing the complaint.

        On the evening of July 25, 2009, plaintiff attended an
event at defendant's firehouse with her husband (hereinafter the
father) and their five-year-old daughter, Hannah.  The father was
seated at the picnic table on the firehouse porch playing a
"game" with Hannah, who was standing near him, in which he would

nudge her and she would nudge him back.  At one point, Hannah turned to take a step and fell off of the firehouse porch. Plaintiff thereafter commenced this action to recover for the injuries sustained by Hannah as a result of the fall, alleging that defendant was negligent in, among other things, failing to warn of a dangerous condition and neglecting to maintain the premises in a reasonably safe condition by not providing a railing for the porch and placing a picnic table dangerously close to the porch's edge.  Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint.  Supreme Court denied the motion, and this appeal by defendant ensued.

"Defendant, as the movant for summary judgment, bore the initial burden of establishing, as a matter of law, that [it] maintained the property in a reasonably safe condition and did not have actual or constructive notice of the allegedly dangerous condition" (Dillenbeck v Shovelton, 114 AD3d 1125, 1126 [2014] [internal quotation marks, brackets and citation omitted]; see Hockenberry v Mehlman, 93 AD3d 915, 916 [2012]; Ennis-Short v Ostapeck, 68 AD3d 1399, 1400 [2009]).  Here, defendant submitted an affidavit from the village code enforcement officer and building inspector stating that, as the porch was less than 29 inches off the ground, no handrail was required for state and local building code compliance.  This officer further averred that no building code provisions governed the placement of a table on a porch such as the one at issue here.  Defendant's then president, Michael Moschetta, testified that the firehouse is regularly open to children and that, despite the absence of a handrail, no one had ever fallen off of the porch.  He also stated that the brick border of the porch — demarcating the porch's edge — was painted red, and it is undisputed that the porch was fully lit at the time of Hannah's accident.  Plaintiff admitted to having visited defendant's firehouse more than 10 times prior to Hannah's fall, apparently without incident. Further, according to Moschetta, plaintiff spoke with him during the week following the incident and reported that the father "felt really bad" that he pushed Hannah and she fell off of the porch.  This evidence was sufficient to establish that defendant maintained the porch in a reasonably safe condition and to shift the burden to plaintiff to demonstrate the existence of a

material issue of fact requiring a trial (see Dillenbeck v
Shovelton, 114 AD3d at 1126; Signorelli v Troy Lodge #141
Benevolent & Protective Order of Elks, 108 AD3d 831, 832 [2013];
Timmins v Benjamin, 77 AD3d 1254, 1254-1255 [2010]).

While plaintiff was never asked in her examination before
trial whether the bricks demarcating the edge of the porch were
painted red, in her affidavit in opposition to defendant's motion
she affirmatively stated that no red line was painted around the
porch perimeter on the day of Hannah's fall.  Furthermore,
according to plaintiff, the picnic table was located just 6 to 12
inches from the edge of the porch.  Plaintiff explained that when
the father "pushed [Hannah] one last time she turned and took a
step, and . . . fell off the porch" because there was no railing.
While the father could not recall whether he or Hannah had
"nudged" the other last, he was certain that Hannah then turned
around to run and fell off of the porch.  Viewed in the light
most favorable to plaintiff (see Baird v Gormley, 116 AD3d 1121,
1123 [2014]; Stevenson v Saratoga Performing Arts Ctr., Inc., 115
AD3d 1086, 1087 [2014]), this evidence is sufficient to raise
issues of fact as to whether defendant created a dangerous
condition by negligently placing the picnic table close to the
porch's edge and failing to demarcate or guard this ledge (see
Jones v Shamrock of Ithaca, Inc., 78 AD3d 1299, 1300 [2010];
Timmins v Benjamin, 77 AD3d at 1256; Ennis-Short v Ostapeck, 68
AD3d at 1400).  Factual issues also exist as to whether
defendant's negligence, if any, was the proximate cause of
Hannah's injury, as this is not a case "'where only one
conclusion may be drawn from the established facts'" (Kriz v
Schum, 75 NY2d 25, 34 [1989], quoting Derdiarian v Felix Contr.
Corp., 51 NY2d 308, 315 [1980]; see Bush v Mechanicville
Warehouse Corp., 69 AD3d 1207, 1209 [2010]; Antonia v Srour, 69
AD3d 666, 666-667 [2010]; Scala v Scala, 31 AD3d 423, 425
[2006]).

Defendant also claims that it had no duty to warn of the
alleged dangerous condition created by the unguarded drop-off at
the porch's edge, as any such hazard was open and obvious as a
matter of law.  "It is axiomatic that a landowner has no duty to
warn of an open and obvious condition that is readily observable
by the normal use of one's senses, and this postulate applies to

adults and minors alike" (Leckanby v Cohoes Community Ctr., 299 AD2d 625, 625 [2002] [citations omitted]; see Soich v Farone, 307 AD2d 658, 659 [2003]; see e.g. Bazan v Rite Aid of N.Y., 279 AD2d 762, 762-763 [2001], lv denied 96 NY2d 709 [2001]).  However, a landowner has a duty to warn against even known or obvious dangers where he or she "has reason to expect or anticipate that a person's attention may be distracted, so that he or she will not discover what is obvious, or will forget what he or she has discovered, or fail to protect himself or herself against it" (Jones v Shamrock of Ithaca, Inc., 78 AD3d at 1300 [internal quotation marks, brackets and citation omitted]; see Parslow v Leake, 117 AD3d 55, 62-63 [2014]; Spannagel v State of New York, 298 AD2d 687, 689 [2002]).  Here, upon considering all of the surrounding circumstances, including the nature and layout of the event being hosted by defendant (see Clark v AMF Bowling Ctrs., Inc., 83 AD3d 761, 761 [2011]; Johnson v Village of Saranac Lake, 279 AD2d 784, 785 [2001]), we find that triable issues of fact exist as to whether the drop-off constituted an open and obvious hazard such that defendant was relieved of its duty to warn (see Femenella v Pellegrini Vineyards, LLC, 16 AD3d 546, 547 [2005]; Johnson v Village of Saranac Lake, 279 AD2d at 785; compare Losciuto v City Univ. of N.Y., 80 AD3d 576, 576-577 [2011]).

Finally, contrary to defendant's contention, the doctrine of assumption of risk is inapplicable to the injury-producing activity at issue here (see Custodi v Town of Amherst, 20 NY3d 83, 89 [2012]; Trupia v Lake George Cent. School Dist., 14 NY3d 392, 396 [2010]).

Garry, Rose, Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court