Palmatier v Mr. Heater Corp. (2018 NY Slip Op 05250)





Palmatier v Mr. Heater Corp.


2018 NY Slip Op 05250


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525838

[*1]SARAH PALMATIER, Respondent,
v
MR. HEATER CORPORATION et al., Defendants, and GARY ANDERSON, Individually and Doing Business as MONEY G CARDS & COLLECTIBLES, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Stockton, Barker & Mead, LLP, Troy (Robert S. Stockton of counsel), for appellant.
Mainetti, Mainetti & O'Connor, PC, Kingston (Michael E. Kolb of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Gilpatric, J.), entered January 17, 2017 in Ulster County, which, among other things, denied defendant Gary Anderson's motion for summary judgment dismissing the complaint and all cross claims against him.
Plaintiff was injured when her clothing caught on fire as she warmed herself near an unvented room heater in a store [FN1]. She commenced two actions, now consolidated, seeking damages from, as pertinent here, the store's lessee and operator, defendant Gary Anderson (hereinafter defendant). Following joinder of issue and discovery, defendant moved for summary [*2]judgment dismissing the complaint and all cross claims against him. Supreme Court denied the motion, finding that there were issues of fact as to whether defendant was negligent in his placement of the heater for use in the store and, if so, whether his negligence was a proximate cause of plaintiff's injuries. Defendant appeals.
Initially, we reject defendant's contention that the doctrine of law of the case precludes litigation of the issue of the heater's placement. Under that rule, "[w]here a court directly passes upon an issue which is necessarily involved in the final determination on the merits, [the court's determination] becomes the law of the case" (Scofield v Trustees of Union Coll., 288 AD2d 807, 808 [2001] [internal quotation marks and citation omitted]; see Karol v Polsinello, 127 AD3d 1401, 1402 [2015]; Papa Gino's of Am. v Plaza at Latham Assoc., 144 AD2d 172, 172 [1988]). In September 2015, Supreme Court granted a motion by defendant's grandfather, defendant Gary Anderson Sr. (hereinafter Anderson), for summary judgment dismissing the complaint and any cross claims against him. In doing so, the court found that Anderson had established as a matter of law that he was not responsible for the installation of the heater, as the record supported his claims that defendant had carried out the installation and that Anderson had merely handed tools to defendant and observed his work. The court further noted that "there is no . . . evidence that the installation of the heater was the cause of plaintiff's injuries." Read in context, this statement addressed the question of potential negligence related to the heater's installation rather than its placement in the store, which is the matter at issue in the current motion. Additionally, even assuming that the earlier finding could be read to apply to the heater's placement, the law of the case doctrine would not apply, as it was obiter dictum that was not "essential to the determination of the [prior motion]" (Karol v Polsinello, 127 AD3d at 1402-1403; see Rosen v Mosby, 148 AD3d 1228, 1233 [2017], lv dismissed 30 NY3d 1037 [2017]; Matter of McNamee, Lochner, Titus & Williams [Killeen], 267 AD2d 919, 922 [1999]).
Turning to the merits, "[w]henever the general public is invited into stores, office buildings and other places of public assembly, the owner [or occupant] is charged with the duty of providing the public with a reasonably safe premises" (Gallagher v St. Raymond's R. C. Church, 21 NY2d 554, 557 [1968]; see Basso v Miller, 40 NY2d 233, 241 [1976]; Hendricks v Lee's Family, 301 AD2d 1013, 1013 [2003]). Defendant submitted the testimony of Brian Vandrak, the vice-president of engineering for defendant Enerco Group, Inc., the manufacturer of the heater. Vandrak acknowledged that the heater's installation instructions and manual provided that the heater should not be placed in a high-traffic area, explaining, "[T]his is a heater. It's fire in a box and obviously you don't want people going back and forth [near] this product with a chance of having any kind of extended contact with it." He stated that the location where the heater was placed — in the main area of the store, a few feet from the door to the only bathroom — complied with the manual's warning, saying, "It was far enough away. . . . [I]t wasn't a hallway. The room was a very wide open area. . . . It was easy to get access to the bathroom not being near the heater." This testimony established on a prima facie basis that the placement of the heater was reasonably safe and shifted the burden to plaintiff to demonstrate the existence of a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In opposition, plaintiff relied upon a section of the then-applicable version of the Fuel Gas Code of New York State providing that an unvented room heater must be installed as directed by the manufacturer (see Fuel Gas Code of NY St § 621.1 [2007]). In turn, the manual for the heater at issue here provided, in accordance with standards established by the American National Standards Institute, that "[d]ue to high temperatures, [the] heater should be kept out of traffic" and should never be installed "in high-traffic areas." The manual further stated that the [*3]heater was intended for supplemental use and should never be installed as a primary heat source. Plaintiff submitted defendant's deposition testimony that he chose not to read or refer to the manual, although he was aware that it contained instructions about the safe placement of the heater. Significantly, he acknowledged that the heater was the store's only source of heat. As for whether the heater was kept out of traffic, defendant stated that customers often spent several hours in the store during regularly-conducted gaming tournaments, that customers moving between the bathroom and certain tables and chairs used during these events would "pass right in front of the heater," and that he had seen people walk past the heater to reach the bathroom and stand in front of it to warm themselves. While violations of rules such as the Fuel Gas Code do not establish negligence per se, they "do[] provide some evidence of negligence" (Gonzalez v State of New York, 60 AD3d 1193, 1194 [2009], lv denied 13 NY3d 712 [2009]; see Elliott v City of New York, 95 NY2d 730, 734 [2001]). Defendant's testimony thus gave rise to triable issues of fact as to whether the heater's placement violated the manufacturer's instructions and whether defendant was negligent in placing it for use in the store.
As for proximate cause, plaintiff's accident happened in December. She testified that she spent several minutes in the store's unheated, chilly bathroom just before the accident, that she became cold, and that, after she left the bathroom, she walked to the heater and stood close to it to warm herself. After 5 to 10 seconds, her skirt ignited. Defendant argues that plaintiff caused her own injuries by standing near the heater, but a jury could conclude that if there had been another source of heat in the store, plaintiff would not have needed to warm herself or to stand close to the heater to do so and, thus, would not have been injured. Moreover, a jury could find that plaintiff would not have been able to gain access to the heater if it had been placed in a less heavily-traveled part of the store. "[T]he issue of proximate cause is ordinarily a question of fact for a jury to resolve" (Schlanger v Doe, 53 AD3d 827, 829-830 [2008]; accord Ivory v International Bus. Machines Corp., 116 AD3d 121, 128 [2014], lv denied 23 NY3d 903 [2014]). Viewing the facts in the light most favorable to plaintiff, as we must, we find that she demonstrated the existence of a triable issue of fact as to whether defendant's negligence was a proximate cause of her injuries (see Jankite v Scoresby Hose Co., 119 AD3d 1189, 1191 [2014]; Bailey v County of Tioga, 77 AD3d 1251, 1253 [2010]; Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1209 [2010]). Supreme Court thus properly denied defendant's summary judgment motion.
Egan Jr., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1:This matter has been the subject of several other appeals (160 AD3d 1093 [2018]; 159 AD3d 1084 [2018]; 156 AD3d 1178 [2017]; 156 AD3d 1167 [2017]), including one decided herewith.