Memorandum. The order of the Appellate Division should be reversed and a new trial ordered.
This case was submitted to the jury on two theories of liability—common-law negligence and negligence in consequence of asserted violations of provisions with respect to permissible slopes of "ramps” under subdivision 4 of section 270 of the Labor Law and section 708 of the White Plains Building Code. The Appellate Division rejected both theories as a matter of law. We now disagree as to the one—common-law negligence—and agree as to the other.
Even if the proof would not support a finding of negligence predicated alone on the presence of ice on the driveway, it was a question of fact for the jury as to whether it was negligence on the part of defendants to maintain this driveway for foreseeable use by plaintiif wife and others, when the driveway had the slope which it did and when in the climate enjoyed in the White Plains area a sudden ice coating was also foreseeable. It is no defense that the sloping driveway existed in the same condition when defendants acquired title to the property some 15 months prior to the accident. The condition was one of which defendants had had actual notice and a reasonable opportunity to remedy.
We agree with the Appellate Division, however, that the inclined driveway on which plaintiif fell was not a "ramp” within the contemplation of either section 270 of the Labor Law or section 708 of the White Plains Building Code.
Where, as here, we reverse a determination of the Appellate Division which was made on the law alone and where accordingly questions of fact were not considered by that court, it is normal appellate practice then to remit the case to the Appellate Division for its determination of questions of fact (CPLR 5613). In this instance such disposition would involve a futile procedural step. Since the case was submitted to the *816 jury on two theories, it cannot be said whether its general verdict for plaintiffs was predicated on one theory or the other or both. Accordingly, the jury verdict cannot be allowed to stand. In this circumstance, whatever the view of the Appellate Division on the factual aspects of liability based on common-law negligence, there must be a new trial, as is the case where we conclude that reversible error of law was committed at the trial level (7 Weinstein-Korn-Miller, NY Civ Prac, pars 5613.01, 5613.04). Remission to the Appellate Division would be futile and thus inappropriate where that court would have no option to order a partial new trial.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and a new trial granted in a memorandum.