OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and defendant’s motion for summary judgment denied.
The issue before us is whether defendant is entitled to summary judgment in this personal injury action. Plaintiff Lesocovich was rendered a quadriplegic as a result of a fall from a flat roof owned by the defendant landlord 180 Madison Avenue Corporation. The roof covered a one-story portion of a three-story residential and commercial building in Albany. Plaintiff alleges that the fall was due to the failure to install a railing or parapet wall around the edge of the roof and that this failure constitutes negligence based on the common law and various statutes and regulations, including Multiple Dwelling Law § 62, Multiple Residence Law § 138, and the State Uniform Fire Prevention and Building Code (hereinafter the Code) (9 NYCRR part 600 et seq., specifically 9 NYCRR 732.1 [f]; 762.1 [f]).
As alleged by plaintiff, at the time of the accident he was in the building as the guest of a tenant who was using the roof for entertainment purposes. Access to the roof was gained through a bedroom window in the tenant’s apartment. When the tenant took possession of the apartment, the screen had been removed from the bedroom window and was lying on the roof, and cinder blocks that might have been used as sitting stools were on the roof. The roof was not a part of the tenant’s *984 leased premises and permission to use it was never sought although it had been used in this manner on prior occasions. The tenant was never told that the roof was not to be used.
After the completion of discovery, defendant moved for summary judgment dismissing the complaint. The motion court denied summary judgment on the grounds that there were triable issues of fact as to foreseeability, plaintiff’s culpable conduct, and the scope of alterations to the premises and that the motion was premised upon the incorrect legal assumption that defendant owed no legal duty to the plaintiff.
By a 3 to 2 majority, the Appellate Division reversed and granted defendant summary judgment because plaintiff failed to come forward with admissible evidence raising a material question of fact in response to the "compelling factual showing that the roof * * * was not part of the premises demised to defendant’s tenants or used by them as a common area with defendant’s express or implied permission, and that neither plaintiff’s presence on the roof nor his failure to perceive and avoid the obvious hazard was reasonably foreseeable” (185 AD2d 599, 600). As to the statutory and regulatory violations, it was held (1) that the roof did not constitute a "walking surface” within the meaning of the Code (9 NYCRR part 600 et seq., specifically 9 NYCRR 762.1 [f]) and (2) that plaintiff had failed to present evidence establishing a triable issue of fact to counter defendant’s evidentiary showing that the Code was inapplicable because the building predated its promulgation and that the building had not been brought within the coverage of the Code by virtue of any conversions, additions or alterations (see, 9 NYCRR 651.2, 1231.3 [b]) (185 AD2d, at 601).
The dissent concluded that the following triable issues of fact were raised as to defendant’s liability under both common law and statute (185 AD2d, at 603). First, an issue of fact as to foreseeability was created by the deposition testimony of the tenant which included her discovery of the bedroom window screen and the cinder blocks on the roof, her previous use of the roof and porch, and her observation of repairs being made to the roof by the landlord’s agents (185 AD2d, at 602-603). Second, pursuant to 9 NYCRR 1231.3 (b), the Code is applicable "to an entire existing building, as if hereafter erected, when the cost of any alterations, additions or repairs made within any six-month period exceed 50 percent of the cost of replacement of the building.” Therefore, the evidence that the property was purchased for $30,000 in 1976 and, in 1980, $80,000 was borrowed to make substantial repairs and alterations created an issue of fact as to the application of the Code *985 (185 AD2d, at 604). Third, assuming the application of the Code, there was a triable issue of fact as to whether defendant was negligent in failing to comply with the requirement to install a railing or parapet wall around the edge of the roof (see, 9 NYCRE 762.1 [f]) (185 AD2d, at 603).
“The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see, Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In the case at bar, defendant failed to make such a showing.
Triable issues of fact are presented on this record, including (1) whether defendant exercised reasonable care to prevent the use of or access to the roof and porch, (2) whether it was foreseeable that persons might use the roof and porch for outdoor recreational purposes, (3) whether, under the applicable law, the failure to install a railing or parapet wall constitutes a violation, and (4) whether the alterations and repairs made to the premises brought it within the purview of the Code.
On this record, reasonable persons could differ as to whether defendant should have done more to prevent access to the roof and whether the defendant should have foreseen that tenants and their guests would use the roof for recreational purposes and be likely to fall from it because of the lack of a railing or parapet wall. Also, given the evidence of a substantial loan for the premises, extensive repairs and alterations to the premises, and defendant’s failure to establish that these actions did not bring the premises within the purview of any allegedly applicable statute or Code provision, triable issues of fact remain.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order reversed, etc.