■ KATHRYN R. WILSON et al., Respondents, v PROCTORS THEATER & ARTS CENTER & THEATER OF SCHENECTADY, INC., Appellant. [636 NYS2d 456] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered September 13, 1994

in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Kathryn R. Wilson (hereinafter plaintiff) fell while entering the box seat area of Proctors Theater in the City of Schenectady, Schenectady County, at the end of the intermission of a performance for which she was a paid ticket holder. The house lights had been dimmed for the resumption of the show when plaintiff began the descent into the box seats. She had successfully negotiated the first step and was starting down the second when she fell, allegedly sustaining injuries to her wrist, shoulder and ribs. She and her husband thereafter commenced this action charging defendant, the theater owner, with negligence; specifically, they contend that inadequate lighting, variations in the stair tread and riser size, and the absence of a handrail made the stairway unreasonably dangerous.

Defendant moved for summary judgment, arguing that inasmuch as the theater, which was built in 1926, is an officially designated historic building, it is not required to conform to the standards of the New York State Building and Construction Code (hereinafter the Code), including the requirements governing stairway construction and lighting. Defendant also proffers the affidavit of its director of operations, who states that aisle/step lights in the area of plaintiff's fall are ordinarily illuminated before the theater is opened to patrons and remain on throughout the entire performance, that the lights are inspected before every performance, with any deficiencies promptly remedied, and that the lighting was fully operational when checked immediately after plaintiff reported her accident. Plaintiffs counter with the affidavit of an architect and construction expert, who avers that the width of the stair treads and the height of the risers at the location of the accident vary by more than $1/8$ inch (and hence do not comply with the Code), and opines that this constitutes a hazardous and defective condition, which, along with the patterned carpet in the area, makes negotiation of the stairs more difficult. Plaintiff attests that she does not recall seeing any lights on in the immediate area, and that in any event, it was difficult to see and navigate the stairs despite whatever lighting existed. Supreme Court denied defendant's motion, and this appeal followed.

Defendant relies heavily on a clause in the Code that exempts officially designated historic buildings (see, 9 NYCRR 1233.1) from the requirement that older buildings be brought into compliance with the Code when major repairs or alter-

ations (those costing more than 50% of the cost of replacement of the building) are performed thereon (*see,* 9 NYCRR 1231.3 [b]), and also on the fact that this latter provision, requiring compliance, was not enacted until 1984, after large-scale renovations to the theater were completed. Plaintiffs, on the other hand, argue that the regulations that were effective prior to 1984, during the period when the repairs were apparently undertaken, also required that a building be brought into compliance with the Code when the amount spent on restoration exceeded the 50% threshhold. Given defendant's expenditure of over $425,000 for building repairs in 1978 or 1979, there may be some merit to plaintiffs' contention that Code compliance was required at that time (*see, Lesocovich v 180 Madison Ave. Corp.,* 81 NY2d 982, 985). But the sparseness of the record on this issue makes it impossible to resolve.

The disposition of this appeal does not, however, turn on whether the Code applies, for plaintiffs' proof sets forth common-law negligence claims premised on the existence of a dangerous condition, of which defendant allegedly was, or should have been, aware (*see, Schneider v Associated Prudential Theatres,* 277 App Div 1046, *affd without opn* 302 NY 759; *cf., Duffy v Owen A. Mandeville, Inc.,* 5 NY2d 730, *revg* 3 AD2d 756; *Stengel v Louis' Cafeteria,* 7 AD2d 875, *affd without opn* 6 NY2d 907; *Bloch v Shattuck Co.,* 2 AD2d 20, 21-22). Defendant's submissions simply do not make out a prima facie case for judgment in its favor on those claims (*see, Ayotte v Gervasio,* 81 NY2d 1062, 1063; *Lesocovich v 180 Madison Ave. Corp., supra,* at 985).

Defendant has not established that the lighting in the area was actually turned on at the time of the accident, let alone that it was adequate for safe traversal of the stairs; that the stairway was otherwise safe (*cf., Orlick v Granit Hotel & Country Club,* 30 NY2d 246, 249); that plaintiff's fall was solely the result of her own culpable conduct (*cf., Lesser v Mayben Realty Corp.,* 181 AD2d 490, 491); or that it had no notice of the assertedly unsafe conditions in the stairway area (*cf., Rothstein v City Univ.,* 148 Misc 2d 911, 913, *affd* 194 AD2d 533). In support of its motion, defendant relies on the conclusory statements of its operations director that "there was no defect in the footway" and that the lighting was "fully operational" (though he does not state that it was actually turned on, or venture an opinion—nor could he, in view of the lack of evidence that he has any expertise in this field—as to whether the available light was adequate to safely illuminate the walkway). Furthermore, even assuming that defendant is cor-

rect in its assertion that the theater is exempt from the requirements of the Code, that fact, without more, would not absolve it of liability for common-law negligence, even if the negligence charged consists of the failure to remedy, or warn of, a dangerous condition arising from a construction or design defect (*see, Patafio v Porta-Clean of Am.*, 39 NY2d 813, 815). As defendant, the proponent of a summary judgment motion, has not met its burden, we need not consider whether plaintiffs have rebutted defendant's assertions by demonstrating the existence of a question of fact (*see, Wilder v Rensselaer Polytechnic Inst.*, 175 AD2d 534).

Finally, we note that plaintiffs' responding brief was filed more than two months after the time for doing so had elapsed, without adequate explanation or a timely request for an extension. Although we accept the brief, so as not to penalize plaintiffs for counsel's dilatory conduct, we cannot ignore the fact that this is not the first time plaintiffs' attorney has failed to comply with the rules governing the submission of briefs. Thus, we find it appropriate to impose costs and disbursements against him personally, despite the outcome of this appeal (*see*, 22 NYCRR 800.9 [d]).

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs and disbursements on this appeal to be charged against plaintiffs' attorney.