■ Philip T. Sisson et al., Appellants, v Metromedia Steakhouses, Inc., et al., Respondents. [794 NYS2d 138]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 3, 2004 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Philip T. Sisson (hereinafter plaintiff), a pest control technician employed by Ecolab, Inc., allegedly sustained injuries when a refrigerator fell against him while he was working at a Ponderosa Steakhouse owned and operated by defendants. Plaintiff was at the restaurant after it had closed and was working alone when he noticed food and debris behind a refrigerator that he stated created a potential harborage for cockroaches. Legs or casters were missing from the refrigerator and had been replaced with six-inch high stainless steel pans positioned under the refrigerator. As plaintiff attempted to slide the refrigerator the short distance necessary to stick the handle of a broom behind it, one of the pans "kicked in," causing the refrigerator to fall against plaintiff. Plaintiff and his wife, derivatively, commenced this action alleging, among other things, negligence. Following disclosure, defendants moved for summary judgment dismissing the action. Supreme Court granted the motion. Plaintiffs appeal.*

---

* Plaintiffs limit their argument to the causes of action premised upon negligence and, thus, they have abandoned the contract theory alleged in the amended complaint (see Antich v McPartland, 293 AD2d 953, 953 n 1 [2002]).

"[L]andowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition" (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *see Monge v Home Depot*, 307 AD2d 501, 502 [2003]; *Washington v Albany Hous. Auth.*, 297 AD2d 426, 426 [2002]). Here, there is evidence in the record that a nearly six-foot high refrigerator had been propped on steel pans by defendants. Plaintiff testified at his deposition that he had complained about this condition prior to the accident, including writing a report indicating that the configuration hindered appropriate cleaning behind the refrigerator where pests could hide. While cleaning was not a part of plaintiff's job, it was foreseeable that someone would attempt to clean behind the refrigerator, which required moving the appliance. The issue of whether defendants created an unsafe condition by putting the refrigerator on steel pans is a factual one for the jury under the circumstances presented by this case (*see Monge v Home Depot, supra* at 502).

The fact that plaintiff was aware of the condition does not, as urged by defendants, require dismissal. The germane issue in this case is not a failure to warn, but whether these premises were reasonably safe (*see MacDonald v City of Schenectady*, 308 AD2d 125, 128 [2003]). While the setup of the refrigerator was not hidden and plaintiff knew about its placement on the pans, this is relevant to comparative negligence and does not relieve defendants of all potential liability as a matter of law (*see id.* at 129; *Monge v Home Depot, supra* at 502; *Smith v Zink*, 274 AD2d 885, 886 [2000]).

Cardona, P.J., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion dismissing the negligence causes of action; motion denied to that extent; and, as so modified, affirmed.