■ ANNA MAZZIO, Appellant, v HIGHLAND HOMEOWNERS ASSOCIATION AND CONDOS et al., Respondents. [883 NYS2d 59]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated January 28, 2008, which granted the motion of the defendant Highland Homeowners Association and Condos and the separate motion of the defendant Works Home Improvement Company, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them are denied.

The plaintiff was injured in the parking lot of a condominium complex owned by the defendant Highland Homeowners Association and Condos. According to the plaintiff, the accident occurred while she was attempting to help a physically disabled friend stand up from the ground after he allegedly slipped due to the presence of ice. As the plaintiff was assisting her friend to his feet, he allegedly slipped on ice again, and fell on top of her. It had snowed two or three times in the week prior to the accident, and snow removal services for the condominium complex were performed by the defendant Works Home Improvement Company, Inc.

After depositions of the parties had been conducted, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them, primarily contending that the alleged icy condition in the parking lot was not a proximate cause of the plaintiff's injuries and, in any event, that the plaintiff's act of attempting to help her disabled friend stand up without waiting for assistance was an unforesee-

able superseding cause which severed any causal connection. Both defendants also claimed, inter alia, that there was no ice or snow in the area where the plaintiff and her friend fell. The Supreme Court granted the defendants' motions for summary judgment on the ground that they had established, as a matter of law, that no dangerous condition existed on the premises where the accident occurred. We reverse.

Contrary to the Supreme Court's determination, the defendants failed to make a prima facie showing of their entitlement to summary judgment on the ground that no dangerous condition existed. In support of their respective motions, the defendants submitted the deposition testimony of a member of the condominium's Board of Directors, and the snow removal contractor's president, who both maintained that there was no snow or ice in the area where the accident occurred. However, the defendants also submitted the deposition testimony of the plaintiff, who testified that there were patches of ice in that area. In view of this conflicting evidence, the defendants failed to sustain their burden of demonstrating the absence of any material issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Khamis v CG Foods, Inc., 49 AD3d 606 [2008]).

Furthermore, the defendants were not entitled to summary judgment on the alternative ground that their alleged negligence was not a proximate cause of the accident. Since "the determination of legal causation turns upon questions of foreseeability and 'what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve'" (Kriz v Schum, 75 NY2d 25, 34 [1989], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]). Here, the defendants failed to establish, as a matter of law, that the alleged icy condition in the parking lot was not a proximate cause of the accident, or that the plaintiff's actions were unforeseeable or of such a character as to constitute a superseding cause absolving them from potential liability (see Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]; Mooney v Petro, Inc., 51 AD3d 746, 747 [2008]; Soomaroo v Mainco El. & Elec. Corp., 41 AD3d 465 [2007]; Bingham v Louco Realty, LLC, 36 AD3d 845, 846 [2007]; Mercedes v Menella, 34 AD3d 655, 656 [2006]).

The defendant property owner also failed to make a prima facie showing affirmatively establishing the absence of notice of the alleged dangerous condition as a matter of law (see Taylor v Rochdale Vil., Inc., 60 AD3d 930 [2009]; Totten v Cumberland Farms, Inc., 57 AD3d 653, 654 [2008]).

The defendant snow removal contractor did not move for summary judgment based on the general rule that a limited contractual undertaking to provide snow removal services does not give rise to a duty of care to persons who are not parties to the contract. The snow removal contractor thus failed to establish that none of the recognized exceptions to this rule exist (*see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 139-140 [2002]). Prudenti, P.J., Miller, Eng and Belen, JJ., concur.