◼ Betsy G. Ennis-Short et al., Respondents, v Aida Ostapeck, Individually and Doing Business as Aida's Place, Appellant. [890 NYS2d 215]—

Kane, J.

Plaintiff Betsy G. Ennis-Short was injured when she fell down a "winder" staircase in a building owned by defendant. After plaintiffs commenced this negligence action and filed a note of

issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting defendant's appeal.

Because triable issues of fact exist, Supreme Court properly denied defendant's motion for summary judgment. To prevail on her motion, defendant was required to show that she maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of any allegedly dangerous condition (see Managault v Rensselaer Polytechnic Inst., 62 AD3d 1196, 1197 [2009]; Zibro v Saratoga Natl. Golf Club, Inc., 55 AD3d 998, 999 [2008]). Defendant met her initial burden by averring that she owned the property since 1984, had not made any alterations to the staircase, no one had ever fallen on those stairs or complained about them, the building had been inspected numerous times by various municipal entities without any violations being noted, and she inspected and cleaned the staircase several times each week, including the day before plaintiff's accident. The burden then shifted to plaintiffs to raise issues of fact requiring a trial.

While there was no proof that defendant created a dangerous condition or had actual notice, constructive notice may be established by showing that the condition was apparent, visible and existed for a sufficient time prior to the accident so as to allow defendant to discover and remedy the problem (see Managault v Rensselaer Polytechnic Inst., 62 AD3d at 1197; Boyko v Limowski, 223 AD2d 962, 964 [1996]). Ennis-Short testified that her foot slipped out from under her when she was standing on one of the wedge-shaped treads of the winder staircase. She reached for the handrail, but was unable to grasp it. Pictures and measurements of the staircase show that there was no handrail on the outside wall, the handrail on the inside wall was not continuous, the break in the handrail occurred at the wedge-shaped portion of the staircase, and the beginning of the second railing was too low to be usable by someone walking down the stairs (compare Mokszki v Pratt, 13 AD3d 709, 710 [2004]). Considering that the stairs had existed in this configuration for the 20 years that defendant owned the building, questions of fact exist as to whether defendant was on notice that the staircase constituted a dangerous condition and whether the handrail placement unreasonably heightened the risk of traversing the winder staircase (compare Zibro v Saratoga Natl. Golf Club, Inc., 55 AD3d at 1000). Thus, summary judgment would have been improper.

Supreme Court could have decided the motion based upon the factual proof and allegations, without expert opinion. Neverthe-

less, because defendant did not demonstrate any prejudice due to plaintiffs' failure to timely respond to defendant's demand for disclosure of expert witnesses,* and plaintiffs had informed defendant that an expert would be inspecting the premises—which inspection occurred while a representative of defendant's insurance carrier was present—the court did not abuse its discretion in considering the affidavits of plaintiffs' two experts (*see Bockelmann v New Paltz Golf Course*, 284 AD2d 783, 783 [2001], *lv denied* 97 NY2d 602 [2001]; *cf. Mead v Dr. Rajadhyax' Dental Group*, 34 AD3d 1139, 1140 [2006]; *Washington v Albany Hous. Auth.*, 297 AD2d 426, 428 [2002]).

Supreme Court did not abuse its discretion in considering the surreply affidavit submitted by plaintiffs' counsel. That affidavit provided further information to support plaintiffs' position after the court requested that the parties submit affidavits from fact witnesses on a certain issue (*cf. Russell v Trask Co.*, 125 AD2d 136, 138 [1987]; *compare Fiore v Oakwood Plaza Shopping Ctr.*, 164 AD2d 737, 739 [1991], *affd* 78 NY2d 572 [1991], *cert denied* 506 US 823 [1992]). As defendant did not seek to submit a response nor raise an objection to counsel's affidavit in the trial court, we cannot say that the court erred in considering that document (*see Barbuto v Winthrop Univ. Hosp.*, 305 AD2d 623, 623-624 [2003]; *compare Matter of Kushaqua Estates v Bonded Concrete*, 215 AD2d 993, 994 [1995]).

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

* Defendant did not seek an adjournment to secure her own experts or more fully respond to the expert opinions.