■ Holly Timmins, Respondent, v Norman Benjamin et al., Appellants. [910 NYS2d 584]—

McCarthy, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 7, 2010 in Washington County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendants own a rental house that was built in the 1880s and later converted into a two-family home, which required rerouting the stairway. Plaintiff and two roommates rented one half of the house. The stairs connecting the first and second floors rise straight up, then the last five steps wind 90 degrees to the left. A bannister on the left side of the stairway begins above the second step from the bottom and ends before the stairs begin to wind. On the morning of the accident, after plaintiff went to the bathroom, she fell down the stairs. No one witnessed the accident and plaintiff cannot remember anything from the time she opened the bathroom door until she regained consciousness at the bottom of the stairs.

To recover for injuries sustained in her fall, plaintiff commenced this action alleging that defendants negligently maintained the premises. Defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motion, prompting defendants to appeal.

Supreme Court properly denied defendants' motion because triable issues of fact exist. Defendants met their initial burden by showing that they maintained the property in a reasonably safe condition, did not create any allegedly dangerous condition and had no notice of such a condition (*see Managault v Rensselaer Polytechnic Inst.*, 62 AD3d 1196, 1197 [2009]; *Zibro v Saratoga Natl. Golf Club, Inc.*, 55 AD3d 998, 999 [2008]). They put forth proof that they did not perform any substantial renovations to the property and did nothing to the stairs between the time they purchased the house and the time of plaintiff's accident. The record does not contain proof that anyone had previously fallen down the stairs. Defendants asserted that no one ever informed them of any problems with the stairs and, before they purchased the house, a home inspector

evaluated it and did not raise any concerns regarding the stairs. Considering this proof, the burden then shifted to plaintiff to raise issues of fact requiring a trial (*see Macri v Smith*, 12 AD3d 896, 897 [2004]).

While the proof showed that the house was converted into a two-family residence before defendants purchased it, the record raises questions as to whether they had actual or constructive notice of dangerous conditions on the stairway.[1] Plaintiff and her roommates testified that when they were shown the house prior to renting it, defendant Norman Benjamin cautioned her to be careful on and around the stairs because they were steep and "not nice." One of her roommates also testified that plaintiff stumbled when descending the top stairs during that initial walk-through of the house. This raised some question as to whether defendants had actual knowledge of the dangerousness of the stairs. As for constructive notice, pictures and testimony established that the handrail ended before the winder stairs—providing no assistance in the place where a handrail would ostensibly be most helpful. The steps are narrow and steep, rising at greater than a 60-degree angle, similar to that of a step ladder. The handrail was only on the inside wall, tending to direct people to the narrowest portion of the wedge-shaped treads on the winder stairs. The winder stairs began at the top of the staircase, almost immediately outside the bathroom door. This configuration existed the entire time that defendants owned the house, raising questions as to whether they were on constructive notice that this winder staircase constituted a dangerous condition and whether the absence of a handrail on a portion of the stairs or "the handrail placement unreasonably heightened the risk of traversing the winder staircase" (*Ennis-Short v Ostapeck*, 68 AD3d 1399, 1400 [2009]). Although plaintiff was similarly aware of this condition, having traversed the stairs daily for the four months she lived in the house prior to her fall, this does not defeat her claim,[2] but the jury may consider her knowledge of the condition when determining any comparative negligence (*cf. Page v State of New York*, 72 AD3d 1456, 1459 [2010]).

---

**1.** The parties disagree about whether the New York State Building Code is applicable here. We need not address that argument and can affirm the denial of summary judgment based solely on common-law principles of negligence (*see Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady*, 223 AD2d 826, 828 [1996]).

**2.** The open and obvious condition of the stairs, while not relieving defendants of their duty to maintain the premises in a safe condition, does defeat any claim for failure to warn of the allegedly dangerous condition (*see Page v State of New York*, 72 AD3d 1456, 1458 [2010]; *MacDonald v City of Schenectady*, 308 AD2d 125, 126-127 [2003]).

Defendants contend that even if there is a question regarding breach of their duty to maintain the premises, they are entitled to summary judgment because plaintiff, not being able to recall anything about the accident, cannot prove that any condition on the stairs proximately caused her injuries. A plaintiff with no recollection of an accident can establish negligence wholly through circumstantial evidence and is not "required to rule out all plausible variables and factors that could have caused or contributed to the accident," but "need only prove that it was 'more likely' or 'more reasonable' that the alleged injury was caused by the defendant's negligence" than by some other cause (*Gayle v City of New York*, 92 NY2d 936, 937 [1998] [citations omitted]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). The proof must render other causes sufficiently remote such that the jury can base its verdict on logical inferences drawn from the evidence, not merely on speculation (*see Gayle v City of New York*, 92 NY2d at 937; *Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d at 744).

Here, plaintiff testified at her deposition that on the morning of her accident she woke up to get ready for work, went to the bathroom and did not remember anything after opening the bathroom door. She felt fine that morning before her fall, was not dizzy, was not intoxicated, had not taken any medication and did not have a history of fainting. She averred that her usual morning routine would be to go downstairs immediately after exiting the bathroom. Viewing the evidence in a light most favorable to plaintiff, including the evidence concerning the narrow and steep condition of the winder stairs that began directly outside the bathroom door and the absence of a handrail at this portion of the staircase, plaintiff has put forth proof and not mere speculation that her accident was more likely caused by defendants' negligence than by some other condition (*see Macri v Smith*, 12 AD3d at 897-898; *compare Martin v Wilson Mem. Hosp.*, 2 AD3d 938, 939 [2003]). Thus, Supreme Court properly denied defendants' motion for summary judgment and permitted this matter to proceed to trial.

Mercure, J.P., Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.