■ WILLIAM FINNIGAN, Respondent, v WAYNE LASHER, Doing Business as VALLEY VIEW CONSTRUCTION, Appellant, et al., Defendant. [935 NYS2d 669]—

Spain, J.

Plaintiff commenced this personal injury action to recover for injuries he sustained when, while installing rough wiring for the interior electrical system of defendant Jason Richers' partially constructed home, he fell down a basement staircase constructed by defendant Wayne Lasher, the contractor responsible for the general construction of the home. Richers was acting as his own general contractor. Plaintiff asserted Labor Law

violations against Richers and negligence by both Richers and Lasher. Each defendant moved for summary judgment, and Supreme Court dismissed plaintiff's allegations of Labor Law violations against Richers, but otherwise denied the motions. Lasher now appeals from the denial of his motion for summary judgment.

We affirm. Lasher's sole contention in arguing that his motion for summary judgment was improperly denied is that the alleged building code violations that plaintiff relies upon—a differential in the tread width (front to back dimension) of the steps and the lack of handrails on the stairway—could not have caused or contributed to the accident. The determination of legal causation typically involves questions of foreseeablility subject to varying inferences, creating issues that "generally are for the fact finder to resolve" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]). Here, it is conceded that the top two steps of the staircase—which Lasher constructed to aid in the carrying of materials to and from the basement during construction—were nine inches wide while the tread width of the remaining steps was 10 inches. Further, at the time of the accident, the stairway had no handrails.

Lasher asserts that these deficiencies did not cause plaintiff to fall. He relies on plaintiff's own description of the accident at deposition, where plaintiff stated that he started to descend the staircase to the basement and overstepped much of the top step, catching only about two inches of his heel on the tread before pivoting forward and falling down the stairs. Because plaintiff admits that, as he testified, he did significantly overstep the top tread, Lasher argues that the difference in tread width of the stairs did not cause or contribute to the accident. However, plaintiff explained that, had the tread been 10 inches wide like the other steps, he would have had at least three inches under his foot and thus might not have lost his balance. Whether this argument is plausible in light of all the other facts surrounding plaintiff's accident is a question for the jury that should not be resolved on summary judgment (*see Feldman v Dombrowsky*, 288 AD2d 605, 606 [2001]; *see also Timmins v Benjamin*, 77 AD3d 1254, 1256 [2010]; *compare Speranza v Payea*, 225 AD2d 987, 987 [1996], *lv denied* 88 NY2d 806 [1996]). The fact that plaintiff had traversed the staircase on numerous occasions previous to his fall does not defeat his claim; instead, plaintiff's previous knowledge of a defective condition, if any, may be considered by a jury in assessing comparative negligence (*see Timmins v Benjamin*, 77 AD3d at 1255).

Likewise, we find that Lasher did not meet his burden of creating a prima facie case that the lack of handrails did not cause or contribute to plaintiff's fall. "[P]roximate cause may be inferred from the facts and circumstances surrounding the event" (*Ellis v County of Albany*, 205 AD2d 1005, 1007 [1994]). No testimony was elicited as to whether plaintiff reached for a railing. Further, given that plaintiff knew in advance that the stairway lacked railings, viewing the evidence in the light most favorable to plaintiff, we cannot say, as a matter of law, that he would not have utilized the railings and prevented his fall if they had existed (*see Timmins v Benjamin*, 77 AD3d at 1256; *Mazzio v Highland Homeowners Assoc. & Condos*, 63 AD3d at 1016; *DaBiere v Craig*, 284 AD2d 885, 885-886 [2001]; *June v Zikakis Chevrolet*, 199 AD2d 907, 909-910 [1993]; *compare Avina v Verburg*, 47 AD3d 1188, 1189-1190 [2008] [absence of handrails not a proximate cause where the plaintiff was beyond the stairs when she fell]; *Sauer v Mannino*, 309 AD2d 1053, 1054 [2003] [argument that handrail would have prevented fall pure speculation when the plaintiff's arms were full of scrap metal]).

Mercure, A.P.J., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.