■ BRIAN COKENG et al., Respondents, v OGDEN CAP PROPERTIES, LLC, et al., Appellants. [961 NYS2d 159]—Order, Supreme Court, New York County (Jeffrey Oing, J.), entered April 24, 2012, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint for lack of causation, or, alternatively, for an order scheduling a *Frye* hearing to examine the basis of the opinion of plaintiffs' expert epidemiologist/toxicologist, or, in the further alternative, for preclusion of that expert's opinion, and upon preclusion, summary judgment dismissing plaintiffs' complaint, unanimously affirmed, without costs.

Defendants failed to make a prima facie showing of entitlement to judgment as a matter of law by proffering sufficient evidence to eliminate all material issues of fact (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982, 985 [1993]). Notably, defendants advanced no affidavit from a toxicology or epidemiology expert, nor did they otherwise eliminate all material issues of fact regarding general and specific causation. Accordingly, the motion court correctly denied summary judgment to defendants "regardless of the sufficiency of the opposing papers" (*Lesocovich*, 81 NY2d at 985).

We note that defendants' arguments regarding the report by plaintiffs' expert epidemiologist/toxicologist constitute issues of credibility and accuracy, the resolution of which are matters

within the province of the jury (*see Frye v Montefiore Med. Ctr.*, 70 AD3d 15, 25 [1st Dept 2009]).

The motion court also correctly denied defendants' motion seeking a *Frye* hearing on plaintiffs' expert epidemiologist/toxicologist (*see Frye v United States*, 293 F 1013 [DC Cir 1923]), as the expert's opinions are based on well-established and accepted methodologies (*see Nonnon v City of New York*, 88 AD3d 384, 394 [1st Dept 2011]). Concur—Andrias, J.P., Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.