*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                517935
_____

DEMARIS CARTER,
                    Respondent,

          v                              MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Appellant.
_____

Calendar Date:  June 5, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

                    _____


        Law Offices of Edward M. Eustace, White Plains (Christopher
M. Yapchanyk of counsel), for appellant.

        Buckley, Mendleson, Criscione & Quinn, PC, Albany (John J.
Criscione of counsel), for respondent.

                    _____


Lynch, J.

        Appeal from an order of the Court of Claims (Hard, J.),
entered July 9, 2013, which denied defendant's motion for summary
judgment dismissing the claim.

        Claimant contends that, on the afternoon of June 20, 2008,
she was injured when she fell while descending the exterior
stairs leading to the basement of the Hall of Springs
(hereinafter the Hall) on her way to punch-in at the office of
her employer, Aramark.  Defendant owns the Hall, a building
constructed between 1932 and 1933, which is located in the
Saratoga State Park in the City of Saratoga Springs, Saratoga
County and is on the Federal Register of Historic Places.
Defendant licenses the Hall to the Saratoga Performing Arts
Center, a not-for-profit corporation that operates the Hall and

subleases space to others, including vendors such as Aramark. Claimant alleged that she slipped and fell as she was taking a step down from the top step, which was still wet from rain earlier in the day; she reached for a handrail to grab and stop her fall, but the handrail was not within reach, and she fell down five or six steps. It is undisputed that the handrail situated on the right side of the staircase did not begin until the third step down. Claimant filed this negligence claim alleging, among other deficiencies, that defendant failed to provide the basement stairs with an adequate handrail. After issue was joined and discovery completed, defendant moved for summary judgment dismissing the claim, arguing that it did not negligently maintain the stairs or create a defective condition and lacked notice thereof, and that it was exempt from or in compliance with any applicable building codes. The Court of Claims denied the motion, prompting defendant's appeal.

Defendant has the same duty and is subject to the same rules of liability as other landowners (see Preston v State of New York, 59 NY2d 997, 998 [1983]; Covington v State of New York, 54 AD3d 1137, 1137-1138 [2008]). As such, "[t]o prevail on [its] motion, defendant was required to show that [it] maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of any allegedly dangerous condition" (Ennis-Short v Ostapeck, 68 AD3d 1399, 1400 [2009]; see Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013]). Viewing the evidence most favorably to claimant, we agree that defendant did not make the requisite prima facie showing and that triable issues of fact exist and, therefore, we find that the Court of Claims correctly denied the motion (compare Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2013]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Contrary to its contentions, defendant did not establish as a matter of law that it maintained the staircase in a reasonably safe condition. While there was no proof that defendant had actual notice of prior falls on or complaints regarding these stairs, "constructive notice may be established by showing that the condition was apparent, visible and existed for a sufficient time prior to the accident so as to allow [the] defendant to discover and remedy the problem" (Ennis-Short v Ostapeck, 68 AD3d

at 1400).  Considering the testimony proffered by defendant
indicating that the handrail existed in this condition for an
extensive period of time and that the premises were regularly
inspected for safety purposes, factual questions exist as to
whether defendant was on notice of the allegedly dangerous
condition presented by a handrail that did not extend to the top
of the stairs (see Dufrain v Hutchings, 112 AD3d 1212, 1212-1213
[2013]; Wilson v Proctors Theater & Arts Ctr. & Theater of
Schenectady, 223 AD2d 826, 828 [1996]; see also Pomeroy v Gelber,
117 AD3d 1161, 1164 [2014]; Grayson v Hall, 31 AD3d 606, 607
[2006]).

Although defendant concedes that, under the current State
Building Code — initially adopted in 1984 (see Vachon v State of
New York, 286 AD2d 528, 531 [2001]) — handrails must extend to
the top of a staircase, it contends that it is exempt from this
requirement as a preexisting use since the handrail is an
original feature of the Hall.  In this regard, defendant put
forth testimony that the limited records available to it
regarding the Hall[1] did not indicate that the stairs or handrail
had been replaced or substantially modified in recent decades and
that its employees had no recollection that such plans had been
considered or approved.  The proffered testimony, however, was
inconsistent as to whether the handrail was an "original element"
of the Hall.[2]  Moreover, defendant's own submissions demonstrate

---

[1]  Significantly, only relatively recent, incomplete
historical records were available to and researched by
defendant's witnesses regarding renovations or modifications to
the Hall, and the memories of its witnesses were limited in that
regard.  Records for the Office of Parks, Recreation and Historic
Preservation, which has jurisdiction over capital improvements
and renovations to the Hall that are not basic maintenance, date
back to 1970, when the agency was established, and its records
prior thereto are incomplete.

[2]  There was conflicting testimony as to whether the
handrail itself was original, none of which was based upon
conclusive evidence.  Julian Adams, the Senior Historic
Restoration Sites Coordinator for the Office of Parks, Recreation

that the handrail brackets had been replaced at some unknown time, with photographs documenting anchor holes in the wall adjacent to the current brackets.  This proof was not sufficient to establish that the handrail was original to the Hall, i.e., that it had never been replaced or modified.

Even accepting, arguendo, defendant's argument that a state building code did not exist at the time that the Hall was constructed, defendant still failed to establish that the design of the handrail was safe and comported with accepted standards of construction at the time the Hall was built or thereafter (see Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982, 985 [1993]; Cook v Indian Brook Vil., Inc., 100 AD3d 1247, 1248 [2012]; McKee v State of New York, 75 AD3d 893, 894 [2010]; compare Timmins v Benjamin, 77 AD3d 1254, 1254 [2010]; Ennis-Short v Ostapeck, 68 AD3d at 1400; Reid v Schalmont School Dist., 50 AD3d 1323, 1324-1325 [2008]).[3]  Moreover, defendant's claim that building code

_____

and Historic Preservation, testified that the railing material "does not appear [to be] original" and that he did not know when — or by whom — it might have been replaced, acknowledging that it could have been replaced as maintenance and repair, without historic approval.  Kurt Kress, the Capital Facilities Regional Manager for said office, who oversees capital improvements but not day-to-day maintenance, opined that the handrail was original.  He based this opinion upon the lack of records documenting that a new handrail had been installed, and because it looked "similar to the railing shown on the original construction drawings" and looked like it could be that age.  The concessions of Adams and speculative testimony of Kress did not sustain defendant's burden of proof.

[3]  Kress acknowledged that he was not aware of what any building code required in 1932, or what the requirements were, historically, for handrails.  Although this Court need not examine claimant's proof given defendant's failure, as the movant, to make a prima facie showing (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Cook v Indian Brook Vil., Inc., 100 AD3d at 1248), we note that, in opposition to the motion, claimant submitted an expert affidavit of a licensed architect

standards governing handrails do not apply is not dispositive of claimant's common-law negligence claim (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Patafio v Porta-Clean of Am., 39 NY2d 813, 815-816 [1976]; Cook v Indian Brook Vil., Inc., 100 AD3d at 1248; Timmins v Benjamin, 77 AD3d at 1255 n 1; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d at 828-829). The fact that the handrail only starts at the third step down the staircase presents a question for a factfinder to resolve as to whether this placement created a dangerous condition (see generally Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d at 828-829).

Further, defendant did not meet its prima facie burden of demonstrating that the lack of a handrail extending to the top of the stairs did not cause or contribute to claimant's fall (see Finnigan v Lasher, 90 AD3d 1286, 1288 [2011]). "Even if [claimant's] fall was precipitated by a misstep, given her testimony that she reached out to try to stop her fall, there is an issue of fact as to whether the absence of a handrail [at the top of the stairs] was a proximate cause of her injury" (Antonia v Srour, 69 AD3d 666, 666-667 [2010]; see Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710 [2012]; Yefet v Shalmoni, 81 AD3d 637, 637-638 [2011]; Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267 [2010]; Wajdzik v YMCA of Greater N.Y., 65 AD3d 586, 587 [2009]; Palmer v 165 E. 72nd Apt. Corp., 32 AD3d 382, 382 [2006]). Likewise, the fact that claimant had used the stairs in the past and may have been aware of the defective condition did not defeat her claim but, rather, this "may be considered by a jury in assessing comparative negligence" (Finnigan v Lasher, 90 AD3d at 1287; see Timmins v Benjamin, 77 AD3d at 1255). Defendant's witnesses also conceded that the stairs and handrail were not historically significant and that the handrail could have been modified to extend to the top of the stairs consistent with historic preservation standards. Given the foregoing, questions of fact are presented regarding defendant's liability for claimant's injuries. Accordingly, defendant's motion for

---

asserting that the handrail did not comply with any of the building codes in existence since its construction, and otherwise "did not meet architectural standards" and was "dangerous."

summary judgment dismissing the claim was properly denied.

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court