*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014                    518177
_____

EDNA BARLEY,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

ROBERT J. WILKINS, INC.,
                    Respondent.
_____

Calendar Date:  October 15, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel),
for appellant.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Saugerties
(Adam T. Mandell of counsel), for respondent.

_____

Peters, P.J.

        Appeal from an order of the Supreme Court (Cahill, J.),
entered March 27, 2013 in Ulster County, which granted
defendant's motion for summary judgment dismissing the complaint.

        Plaintiff sustained injuries when she fell while descending
a single-step riser in a building owned by defendant where she
was employed as the manager of a bus terminal.  She commenced
this negligence action alleging that her fall was due to the
height of the riser and defendant's failure to install a handrail
or permanent step.  Following joinder of issue and discovery,
defendant moved for summary judgment dismissing the complaint.
Supreme Court granted the motion, prompting plaintiff's appeal.

To prevail on its motion for summary judgment, defendant was required to show that it maintained the premises in a reasonably safe condition and that it did not create or have notice of any allegedly dangerous condition (see Carter v State of New York, 119 AD3d 1198, 1199 [2014]; Jankite v Scoresby Hose Co., 119 AD3d 1189, 1189-1190 [2014]; Timmins v Benjamin, 77 AD3d 1254, 1254 [2010]).  While the existence of a dangerous or defective condition is generally a question for the factfinder (see Trincere v County of Suffolk, 90 NY2d 976, 977 [1997]; Moons v Wade Lupe Constr. Co., Inc., 24 AD3d 1005, 1006 [2005]; Lamarre v Rensselaer County Plaza Assoc., 303 AD2d 914, 914 [2003]), "summary judgment is appropriate where a plaintiff fails to demonstrate the existence of any dangerous condition" (Bilinski v Bank of Richmondville, 12 AD3d 911, 911-912 [2004]; see Jones v Shamrock of Ithaca, Inc., 78 AD3d 1299, 1300 [2010]).

Here, defendant failed to establish as a matter of law that it maintained the premises in a reasonably safe condition (see Page v State of New York, 72 AD3d 1456, 1458 [2010]; Reinemann v Stewart's Ice Cream Co., 238 AD2d 845, 846 [1997]).  In support of its argument that the riser did not constitute a dangerous condition, defendant presented an affidavit of Ronald Bova, a professional engineer who inspected the premises.  Bova observed that the single-step riser was immediately apparent, as it was located in a doorway and the flooring on either side of the riser was of a contrasting color and material.  Although Bova further opined that the riser did not violate the 2002 or 1964 state building codes because the building was constructed prior to their enactment, whether the building code applies to the riser is not dispositive of plaintiff's claim, which is premised on common-law negligence principles (see Cook v Indian Brook Vil., Inc., 100 AD3d 1247, 1248 [2012]; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d 826, 829 [1996]).  Based on his inspection and measurements, Bova asserted that neither the height of the step nor the lack of a handrail made the riser dangerous; however, he failed to definitively state the height of the riser and establish that it comported with generally accepted standards at the time the building was constructed or thereafter (see Carter v State of New York, 119 AD3d at 1200-1201; see also Alvia v Mutual Redevelopment Houses, Inc., 56 AD3d 311, 312 [2008]).

Additionally, plaintiff testified that it was difficult for her and her coworkers to traverse the step because it was "very high." While defendant places great emphasis on plaintiff's admission that she stepped over the riser many times, as it was the only way to access the women's restroom, and that she was aware of the drop at the time that she fell, "[t]he germane issue in this case is not a failure to warn, but whether these premises were reasonably safe" (Sisson v Metromedia Steakhouses, Inc., 17 AD3d 855, 856 [2005]). The fact that a dangerous condition is open and obvious does not relieve a landowner of all duty to maintain his or her premises in a reasonably safe condition (see Coleman v Crumb Rubber Mfrs., 92 AD3d 1128, 1131 [2012]; Anton v Correctional Med. Servs., Inc., 74 AD3d 1682, 1683 [2010]; MacDonald v City of Schenectady, 308 AD2d 125, 127 [2003]), and plaintiff's familiarity with the allegedly defective condition may be considered with respect to her comparative negligence (see Finnigan v Lasher, 90 AD3d 1286, 1287 [2011]; Sisson v Metromedia Steakhouses, Inc., 17 AD3d at 856; Monge v Home Depot, 307 AD2d 501, 502 [2003]). Viewing the evidence in the light most favorable to plaintiff, as the nonmoving party, we find that defendant failed to demonstrate as a matter of law that the height of the riser was not a dangerous or defective condition.

Further, defendant failed to meet its prima facie burden of demonstrating that it did not create or have notice of the allegedly dangerous condition (see Reinemann v Stewart's Ice Cream Co., 238 AD2d at 846). Defendant did not submit any affirmative evidence that the allegedly dangerous condition was not of its own creation, that any regular inspection of the premises was conducted or that it had not received any complaints regarding the height of the riser (compare Signorelli v Troy Lodge #141 Benevolent & Protective Order of Elks, 108 AD3d 831, 831 [2013]; Moons v Wade Lupe Constr. Co., Inc., 24 AD3d at 1006). Moreover, plaintiff testified that the condition of the riser existed for the entire three years that she worked at the premises, and further averred that she and several coworkers had complained to defendant's principal repeatedly about the difficulty presented by the height of the step. Inasmuch as this evidence raises factual questions about whether defendant had actual notice of the allegedly dangerous condition (see Cook v

Indian Brook Vil., Inc., 100 AD3d at 1248) or whether the nature of the step, which was readily apparent and existed for a sufficient amount of time to allow defendant to remedy the defect, provided defendant with constructive notice (see Carter v State of New York, 119 AD3d at 1199-1200; Godfrey v Town of Hurley, 68 AD3d 1527, 1528 [2009]; Ennis-Short v Ostapeck, 68 AD3d 1399, 1400 [2009]), we conclude that summary judgment should not have been granted. As defendant failed to establish its entitlement to summary judgment as a matter of law, we need not consider the sufficiency of plaintiff's submissions in opposition (see Cook v Indian Brook Vil., Inc., 100 AD3d at 1248; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d at 829).

Stein, Garry, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is reversed, on the law, with costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court