*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 14, 2015                    519726
_____

SALLY ROBERTS,

                    Respondent,

        v                                MEMORANDUM AND ORDER

UNITED HEALTH SERVICES
    HOSPITALS, INC.,
                    Appellant.
_____


Calendar Date:  March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____


        Levene Gouldin & Thompson, LLP, Binghamton (Lauren A.
Saleeby of counsel), for appellant.

        Greene & Reid, PLLC, Syracuse (Eugene W. Lane of counsel),
for respondent.

_____


Peters, P.J.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered July 14, 2014 in Broome County, which
denied defendant's motion for summary judgment dismissing the
complaint.

        On August 31, 2007, plaintiff accompanied her father to the
emergency department of a hospital operated by defendant in the
Village of Johnson City, Broome County.  Several hours later,
plaintiff exited the emergency department through a set of
automatic doors that led into a waiting area to access a vending
machine.  According to plaintiff, when she attempted to reenter
the emergency department's treatment area by manually opening the
doors, she was unable to maintain her grasp of the door handle

due to the weight of the door, causing her to lose her balance and fall to the ground. She thereafter commenced this personal injury action alleging that defendant was negligent in, among other things, permitting the subject doors to remain in a dangerous and unsafe condition and failing to provide an accessible push plate to automatically open the doors. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Finding that defendant failed to satisfy its initial burden of establishing its prima facie entitlement to summary judgment, Supreme Court denied the motion. Defendant appeals, and we affirm.

To prevail on its motion for summary judgment, defendant was required to establish, as a matter of law, that it maintained the premises in a reasonably safe condition and that it neither created nor had actual or constructive notice of the allegedly dangerous condition existing thereon (see Feuerherm v Grodinsky, 124 AD3d 1189, 1190 [2015]; Dillenbeck v Shovelton, 114 AD3d 1125, 1126 [2014]; Vincent v Landi, 101 AD3d 1565, 1566 [2012]). In support of the motion, defendant principally relied on the affidavit of George Haus, a licensed architect who conducted an inspection of the doors over two years after the incident. Haus opined that the doors were in compliance with the applicable building code, specifically finding, as relevant here, that the opening pressure of the doors was within normal limits and that nothing in the code required the presence of a push plate for purposes of opening the doors automatically. Whether the doors complied with the building code is not, however, dispositive of plaintiff's claim, which is premised on common-law negligence principles (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872 [1995]; Cook v Indian Brook Vil., Inc., 100 AD3d 1247, 1248 [2012]; Wilson v Proctors Theater & Arts Ctr. & Theater of Schenectady, 223 AD2d 826, 828-829 [1996]). Moreover, no evidence was provided that the condition of the doors at the time of Haus's inspection was the same as that which existed at the time of the accident (see Fallon v Duffy, 95 AD3d 1416, 1417-1418 [2012]; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749, 750 [2007]; Richardson v Rotterdam Sq. Mall, 289 AD2d 679, 680-681

[2001]).[1]

Defendant also failed to meet its legal burden of establishing that it did not have notice of the allegedly dangerous condition. While there was evidence that the doors at issue were subject to periodic preventative maintenance inspections by both a third party and the hospital's maintenance department, no affirmative proof was presented that defendant had not received any complaints regarding the doors prior to the accident (see Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1118 [2014]; Cook v Indian Brook Vil., Inc., 100 AD3d at 1248; compare Donnelly v St. Agnes Cathedral Sch., 106 AD3d 773, 773-774 [2013]; DeCarlo v Village of Dobbs Ferry, 36 AD3d at 750; Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560 [2005]). As defendant failed to establish its entitlement to summary judgment as a matter of law, we need not examine the sufficiency of plaintiff's submissions in opposition (see Barley v Robert J. Wilkins, Inc., 122 AD3d at 1119; Cook v Indian Brook Vil., Inc., 100 AD3d at 1248).

Lahtinen, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1] Rather, the hospital's engineering supervisor testified that the subject doors might have been replaced since plaintiff's fall in 2007 "because they get beat up quite a bit," and defendant's senior vice-president and chief operating officer indicated that the area surrounding the doors in question underwent a significant construction project in 2009 and was unsure as to whether any changes were made to the doors during that time.