*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 9, 2015                519732
_____

DEAN MINUTOLO,
                    Appellant,

        v                              MEMORANDUM AND ORDER

COUNTY OF BROOME et al.,
                    Respondents.
_____

Calendar Date:   June 2, 2015

Before:   Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____


        Finkelstein & Partners, LLP, Newburgh (Victoria L. Lightcap
of counsel), for appellant.

        Robert G. Behnke, County Attorney, Binghamton, for
respondents.

_____


Lynch, J.

        Appeal from a judgment of the Supreme Court (Lebous, J.),
entered December 12, 2013 in Broome County, upon a verdict
rendered in favor of defendants.

        Plaintiff was injured at the Broome County Veterans
Memorial Arena (hereinafter the arena) in the City of Binghamton,
Broome County when he slipped and fell into a recessed paved area
behind the arena described as a "pit."  He maintains that he
slipped on a grease spill alongside the pit where a railing had
been removed.  In this action, plaintiff alleges that defendants
negligently maintained the premises by failing to clean up the
grease spill and for not having a protective railing in place.
Following joinder of issue, Supreme Court partially granted
defendants' motion for summary judgment by dismissing that aspect

of the claim based on the railing. A jury thereafter returned a verdict in defendants' favor, finding that there was not a slippery substance in the area where plaintiff fell. Plaintiff appeals.[1]

We are not persuaded by plaintiff's contention that the verdict was against the weight of the evidence. A verdict will not be overturned on this basis "unless the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (Killon v Parrotta, 98 AD3d 828, 829 [2012] [internal quotation marks, brackets and citations omitted]). In addressing this contention, we view the evidence most favorably to defendant, as the nonmoving party, with considered deference to the jury's assessment of witness credibility and interpretation of the evidence (see id.). The record reveals competing descriptions of the pavement condition. Both plaintiff and his then fiancé, Amy Minutolo, maintained there was a grease spot, which they pointed out to defendants' security guard, Luther Taylor, when he responded to the scene. Minutolo also testified that a passerby, Lorraine Ostrowsky, pointed to grease spots and said plaintiff slipped on those spots. Taylor, however, testified that when he first responded, no one mentioned a grease spot. Later that evening, Taylor explained that plaintiff and Minutolo returned and reported that plaintiff had slipped on grease. At that point, Taylor and his supervisor revisited the scene, and found some "dry oil" on the pavement. Ostrowsky did not recall seeing any grease on the pavement, or that she advised either plaintiff or Minutolo that she "had seen slide marks through [the] greasy substance." Despite some discrepancies, this testimony created a credibility issue for the jury to resolve, and we discern no reason to set aside the jury's determination.

We do find, however, that Supreme Court erred in dismissing

---

[1]  This appeal from the final judgment brings up for review the orders partially granting defendants' motion for summary judgment and denying plaintiff's motion to set aside the verdict (see CPLR 5501 [a] [1]; Gulati v O'Leary, 125 AD3d 1231, 1232 n [2015]).

plaintiff's claim concerning the missing railing.  To prevail on a motion for summary judgment, a defendant in a premises liability action must "show that [it] maintained the premises in a reasonably safe condition and neither created nor had actual or constructive notice of any allegedly dangerous condition" (Ennis-Short v Ostapecic, 68 AD3d 1399, 1400 [2009]; see Carter v State of New York, 119 AD3d 1198, 1199 [2014]).  Photographs of the accident scene show that the pit is adjacent to a sidewalk and a parking area at the back of the arena.  Two large dumpsters were situate in the pit along the parking area, and a railing was in place along the sidewalk.  Plaintiff fell in an area between the dumpsters and the sidewalk and, while a railing would ordinarily be in place in this area, plaintiff maintains that no railing was in place when he fell.  There is no dispute here that the pit area was part of the original construction of the arena.  The focus is on whether the railing was in place and, if not, whether defendants removed the railing or had actual or constructive notice that the railing was missing, creating a dangerous condition.

Here, defendants' former maintenance supervisor, Michael Holden, explained that the dumpsters were utilized by the maintenance crew and that the exterior of the arena was inspected each morning.  Holden averred that the railings were removable, but that, if he observed that a railing "was not in place[,] [he] would have replaced it."  For his part, Taylor explained that the railings "were typically up, or in place."  Ostrowsky testified in her deposition that the railings were in place, but acknowledged that she could not recall if a railing or "portable" gate was in place where plaintiff fell.

Notably, the accident occurred around 5:00 p.m.  As such, an early morning inspection does not resolve the question as to whether or when the railing was removed.  Nor did any of defendants' witnesses directly confirm that the railing was in place at the time that plaintiff fell.  We take note that defendants' employee, William Weyman, testified that the railing was usually in place but, if removed, was probably removed by maintenance staff or employees of food vendors at the arena.  In our view, the submissions actually raise questions of fact as to whether the railing was missing, whether defendants' employees

were responsible for removing the railing, whether the railing was missing for a sufficient period of time to permit defendants to discover the condition and take remedial action and whether the absence of a railing created a dangerous condition (see Barley v Robert J. Williams, Inc., 122 AD3d 1116, 1117 [2014]; Carter v State of New York, 119 AD3d at 1199-1200; Hagen v Sears Roebuck and Co., 61 AD3d 1264, 1266 [2009]).  Accordingly, Supreme Court erred in granting defendants' motion for summary judgment dismissing the cause of action concerning the missing railing.

Peters, P.J., Lahtinen and Garry, JJ., concur.


ORDERED that the judgment and the order entered April 26, 2012 are modified, on the law, without costs, by reversing so much of the order as partially granted defendants' motion for summary judgment; motion denied in its entirety and matter remitted to the Supreme Court for further proceedings not inconsistent with this decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court