■ GRACE W. GOMBOY, as Executrix of STEPHEN J. GOMBOY, Deceased, Appellant, v DOLORES MITCHELL et al., Respondents.—In an action to set aside a conveyance of certain real property on the ground that the decedent grantor was mentally incompetent at the time he executed the deed, plaintiff appeals from a judgment of the Surrogate's Court, Orange County dated April 29, 1976, which, after a nonjury trial, is in favor of defendants-respondents, the grantees. Judgment affirmed, without costs or disbursements. Plaintiff-appellant contends that (1) the court's decision that decedent Stephen Gomboy was mentally competent to execute a deed of his property to his three daughters from a previous marriage is against the weight of the credible evidence and (2) the court erred in permitting the attorney who drew the deed (and the decedent's will some seven years earlier) to state his opinion as to the competency of the decedent. The rule in New York is, as appellant states, that a lay witness may not express an opinion upon the question of mental capacity, but may only state whether the conversation or conduct testified to seemed rational or irrational (*Matter of Coddington,* 307 NY 181, 185-186). The reason for the rule is that the lay opinion usurps a function which is solely the jury's (*People v Pekarz,* 185 NY 470, 481). The instant action was tried by the court alone, somewhat obviating the purpose for the rule. Moreover, although it was error to permit the witness Stanton to give his opinion as to the question of mental competency, rather than merely to testify, as he did, that he had known the decedent for approximately 35 years, and that the decedent was sober on the day in question and "knew what the score was", the error was no prejudicial. Appellant has not overcome the presumption that the deceden. was *compos mentis* at the time he executed the deed. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.