■ WILLIAM J. TOLBERT et al., Respondents, v BUDGET RENT-A-CAR SYSTEM, INC., et al., Appellants. [836 NYS2d 619]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Kings County (Schneier, J.), dated June 16, 2006, which granted

the plaintiffs' motion for summary judgment on the issue of liability, and (2) an interlocutory judgment of the same court dated July 5, 2006, which, upon the order, is in favor of the plaintiffs and against them on the issue of liability.

Ordered that the appeal from the order is dismissed, as that order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The injured plaintiff allegedly tripped and fell over a damaged rear metal bumper which was bent upward about three or four inches above the wooden flatbed of a van which he leased from the defendants. The injured plaintiff did not open up the roll-up back door, and the alleged dangerous condition was hidden from him when he leased the van. Due to the shadow cast by a nearby building, the injured plaintiff did not notice the dangerous condition as he attempted to exit the van from the rear door for the first time.

In support of their motion for summary judgment, the plaintiffs submitted evidence sufficient to establish their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The evidence submitted by the defendants in opposition to the motion was insufficient to raise a triable issue of fact. The defendants' expert inspected the van approximately two years after the accident, and his affidavit was wholly conclusory and insufficient to raise a triable issue of fact (*see Lal v Ching Po Ng*, 33 AD3d 668, 668-669 [2006]).

In light of the foregoing, we need not reach the issue of whether a prior order of the Supreme Court precluded the defendants from submitting their employees' affidavits in opposition to the plaintiffs' motion. Crane, J.P., Florio, Covello and Dickerson, JJ., concur.