*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    July 9, 2015                    519730
_____

GISELLE MAYR,

                    Appellant,

        v                                        MEMORANDUM AND ORDER

DIMITRI ALVAREZ,

                    Respondent,
                    et al.,
                    Defendant.
_____

Calendar Date:   May 27, 2015

Before:   Peters, P.J., Lahtinen, Garry and Devine, JJ.

_____

        Basch & Keegan, LLP, Kingston (Derek J. Spada of counsel), for appellant.

        Fumuso, Kelly, DeVerna, Synder, Swart & Farrell, LLP, Hauppauge (Scott G. Christensen of counsel), for respondent.

_____

Devine, J.

        Appeal from an order of the Supreme Court (Melkonian, J.), entered April 4, 2014 in Ulster County, which, among other things, granted defendant Dimitri Alvarez's motion for summary judgment dismissing the complaint against him.

        Plaintiff was a patient at defendant Family Practice of Kingston and, on July 26, 2008, presented with complaints of chest pain.  She and her adult daughter, Brittney Mayr, were ushered into an examination room and plaintiff was examined by defendant Dimitri Alvarez.  Alvarez listened to plaintiff's heart with a stethoscope, holding it by placing his entire hand underneath her shirt on her left breast.  Alvarez asked plaintiff

to lay on the examination table while he listened, and began to blink his eyes rapidly.  He then began making moaning sounds that plaintiff and her daughter both perceived to be sexual, and rubbed his genitalia back and forth against the table.  Both women fled the room in short order, despite Alvarez continuing to hold his hand against plaintiff's breast and shoving her down on the table when she first attempted to escape.

Plaintiff commenced this action in 2009, alleging that Alvarez had committed an assault and battery and that Family Practice had negligently hired and supervised him.  Following joinder of issue and discovery, defendants separately moved for summary judgment dismissing the complaint.  They argued, among other things, that the behavior of Alvarez was not intentional because his actions were caused by a subsequently-diagnosed seizure disorder.  Supreme Court granted both motions.  Plaintiff now appeals, focusing solely upon the grant of summary judgment to Alvarez.[1]

In order for Alvarez to succeed upon his motion for summary judgment, he was obliged to show that he "did not intentionally place plaintiff in apprehension of imminent harmful or offensive contact, and did not intentionally engage in offensive bodily contact without plaintiff's consent" (Guntlow v Barbera, 76 AD3d 760, 766 [2010], appeal dismissed 15 NY3d 906 [2010]; see Cicci v Chemung County, 122 AD3d 1181, 1183 [2014], lv dismissed and denied 25 NY3d 1062 [2015]).  Alvarez endeavors to make that showing by way of an affirmation from his treating neurologist, Alfred Frontera, who examined him after the July 2008 incident and diagnosed him with hippocampal atrophy.  Frontera stated that this condition is associated with partial complex seizures in adults, and noted that the medical history of Alvarez suggested that he suffered from those seizures.  Partial complex seizures are characterized by "non-purposeful, stereotyped and repetitive

---

[1]  Inasmuch as plaintiff failed to raise any issue in her appellate brief as to the grant of summary judgment to Family Practice, we deem any arguments in that regard to be abandoned (see Waldron v New York Cent. Mut. Fire Ins. Co., 88 AD3d 1053, 1054 n [2011]).

behaviors" that are involuntary, and Frontera opined that the complained-of behavior was "consistent with" such a seizure. Alvarez accordingly argued that his actions were wholly involuntary and that he could not have formed the requisite intent to threaten plaintiff with, or subject her to, offensive physical contact (see Restatement [Second] of Torts § 895J, Comment c, Illustration 2; compare Miele v United States, 800 F2d 50, 53 [2d Cir 1986]; Albicocco v Nicoletto, 11 AD2d 690, 690 [1960], affd 9 NY2d 920 [1961]).

While Alvarez met his initial burden upon his motion for summary judgment with the above proof, plaintiff rebutted that showing by raising questions of fact regarding the genesis of his behavior. Alvarez testified at his deposition that he does not recall the bulk of the incident.[2] He does recall deliberately placing a stethoscope on plaintiff's chest and listening to her heart, however, and both she and her daughter stated that he did so in an unusual, groping manner. Both women also witnessed the subsequent behavior of Alvarez and, while "[l]ay witnesses cannot properly give an opinion as to the mental capacity of" an individual, they are free to "state the impressions which the acts and declarations of the [individual] . . . produced upon their minds at the time, and as to whether they were rational or irrational" (Wyse v Wyse, 155 NY 367, 371 [1898]; see Gomboy v Mitchell, 57 AD2d 916, 916 [1977]). Both observed what they believed to be deliberate behavior on the part of Alvarez, such as shoving plaintiff back onto the examination table as she attempted to get up and turning to watch her daughter as she left the room to get help. It is also worthy of note that Alvarez attempted to contact plaintiff on several occasions after the incident and, while he apologized for the incident, he never expressed his belief that it had been caused by a seizure. Inasmuch as the foregoing raised questions of fact as to whether Alvarez committed an assault and battery with the requisite intent, he should not have been granted summary judgment (see

---

[2]  His supervisor, in contrast, averred that Alvarez did not indicate any problem with his recall after the incident and Alvarez told the supervisor that "he was listening to [plaintiff's] heart . . . and then she got up and left."

e.g. <u>Winslow v Freeman</u>, 257 AD2d 698, 699 [1999]; <u>Casimir v Hoffman</u>, 13 AD2d 532, 533 [1961]).

We also agree with plaintiff that, even if the offensive contact stemmed from a seizure and was not intentional, summary judgment was not warranted  (<u>see e.g.</u> <u>Zgraggen v Wilsey</u>, 200 AD2d 818, 819 [1994]).  Plaintiff specifically claims that Alvarez owed her a duty to take his anti-seizure medication and that he could be held liable for his negligent failure to do so.  Alvarez had been involved in two automobile accidents prior to the incident at issue, prompting concerns as to whether he had a seizure disorder.  Alvarez accordingly consulted with a neurologist, who did not diagnose him with a seizure disorder.  Alvarez also consulted with medical colleagues in Haiti, however, and one of those individuals indicated that Alvarez likely did have a seizure disorder and provided him with anti-seizure medication.  Alvarez testified that he failed to take the medication on a daily basis because he had not been definitively diagnosed with a seizure disorder.  This proof permits the inference that Alvarez was aware that he suffered from a seizure disorder at the time the incident occurred which would, in turn, call into question his failure to take the medication on a regular basis.  Thus, questions of fact exist as to whether Alvarez failed to "exercis[e] caution to compensate for any increased hazard occasioned by his known disabilities" in conducting his examination of plaintiff (<u>Homser v Distler</u>, 150 AD2d 974, 975 [1989]; <u>see</u> Restatement [Second] of Torts § 283C).

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant Dimitri Alvarez's motion for summary judgment dismissing the complaint against him; said motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court