*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    522026
_____

RACHEL M. KENYON,
                    Respondent,

          v                              MEMORANDUM AND ORDER

ONEONTA CITY SCHOOL DISTRICT,
                    Appellant.
_____

Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____

          Mills Law Firm LLP, Clifton Park (Michelle M. Chester of
counsel), for appellant.

          Levene Gouldin & Thompson, LLP, Vestal (Philip K. Grommet
of counsel), for respondent.

_____

Rose, J.

          Appeal from an order of the Supreme Court (Coccoma, J.),
entered March 9, 2015 in Otsego County, which, among other
things, granted plaintiff's motion for partial summary judgment.

          Plaintiff visited defendant's high school with her out-of-
town high school basketball team to participate in a basketball
game.  She was injured when, upon arrival, she went looking for a
bathroom and a large, heavy door that had been propped up against
a wall leading to a girls' locker room fell and hit her.  After
commencement of this negligence action alleging creation of a
dangerous condition, and following joinder of issue and
discovery, defendant moved for summary judgment dismissing the
complaint.  Plaintiff then moved for partial summary judgment on
the issue of liability.  Supreme Court denied defendant's motion

and granted plaintiff's motion.  Defendant now appeals.

We affirm.[1]  Plaintiff's proof established that, on the day of the accident, defendant's maintenance worker took a 50-pound, ceiling-height door off its hinges and leaned it in an upright position against the wall of a vestibule leading to a girls' locker room.  The door was then left unsecured, and there were no signs warning that it was propped up against the wall or a barricade preventing access to the vestibule.  When plaintiff arrived at the school that evening, she was not told by any of defendant's employees to stay away from the vestibule or the locker room beyond it.  Plaintiff stated at her examination before trial that, after placing her belongings in the gymnasium, she went in search of a bathroom, which led her to enter the vestibule area in order to access the locker room.  She opened the locker room door and stepped in, but decided not to proceed further when she saw that the lights inside were off.  She then turned around and exited the locker room.  As she reentered the vestibule, the unsecured door fell on her, knocking her down and injuring her.  Plaintiff testified that, before the door fell, she did not see it propped against the vestibule wall and had not come into contact with it in any manner to cause it to fall.  In our view, this proof was sufficient to meet plaintiff's prima facie burden, as it established that defendant's action of leaving the unsecured door propped up against the vestibule wall created a dangerous condition that caused plaintiff's injury (see Hernandez v City of Yonkers, 121 AD3d 754, 755 [2014]; see generally Phillips v Northway Mall Assoc., 243 AD2d 786, 787 [1997]).

In opposition, defendant proffered, among other proof, an affidavit by the maintenance worker who removed the door from its hinges and leaned it against the wall.  This affidavit, however, contains no more than bare, conclusory statements that the door was stable, open and obvious, and that he acted reasonably and

_____

[1]  Defendant does not raise any issue regarding the denial of its motion for summary judgment; accordingly, we deem any argument with respect thereto abandoned (see Mayr v Alvarez, 130 AD3d 1199, 1200 n 1 [2015]).

did not create a dangerous condition (see Tolbert v Budget Rent-A-Car Sys., Inc., 40 AD3d 745, 746 [2007]; Browne v Big V Supermarkets, 188 AD2d 798, 799 [1992], lv denied 81 NY2d 708 [1993]).  In our view, the undisputed fact that this large, heavy door fell on plaintiff belies the claim that it was stable and, instead, establishes that it was dangerous as a matter of law. Further, defendant's claim in its brief that the door was an open and obvious condition that "would not have fallen but for the fact that [p]laintiff ran into it" is wholly unsupported by the record.  In any event, such a claim does not relieve defendant of its duty to maintain its premises in a reasonably safe condition (see Barley v Robert J. Wilkins, Inc., 122 AD3d 1116, 1118 [2014]; Russo v Home Goods, Inc., 119 AD3d 924, 925 [2014]; Anton v Correctional Med. Servs., Inc., 74 AD3d 1682, 1683 [2010]). Finally, defendant's contention that an issue of fact exists regarding plaintiff's comparative fault is unpreserved for our review (see Voorheesville Rod & Gun Club v Tompkins Co., 82 NY2d 564, 570 n 1 [1993]).  Thus, we find that Supreme Court properly granted plaintiff's motion for partial summary judgment on the issue of liability.  In view of this determination, we need not address defendant's contention regarding the applicability of the statutes, regulations and codes cited by Supreme Court (see Barley v Robert J. Wilkins, Inc., 122 AD3d at 1117).

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court